IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION
"IN ADMIRALTY"

STARBOARD YACHT GROUP LLC
A Florida Limited Liability Company,

    Plaintiff,

vs.

M/V OCTOPUSSY a 1988 Heesen built 143-ft motor yacht, Registry No: JMP15060 her engines, tackle, boats, gear, Seakeepers, appurtenances etc., *in rem*, and Contessa Marine Research LLC a Delaware limited liability Company, *in personam*,

    Defendants.

CASE NO:

_____/

## VERIFIED COMPLAINT IN ADMIRALTY TO FORECLOSE ON MARITIME LIEN FOR NECESSARIES AND BREACH OF MARITIME CONTRACT

1. This is a case within this Court's Admiralty and Maritime Jurisdiction and Supplemental jurisdiction as hereinafter more fully appears, and is an Admiralty or Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C.§ 1333, 28 U.S.C. § 1331, 46 U.S. Code § 31342, Rule C of the Supplemental Rules for Admiralty and Maritime Claims, and Local Rule C, and the general maritime law for maritime necessaries and maritime liens.

3. The Verified Complaint of Plaintiff against defendant vessel is for the provision of repair services, materials to repair the vessel and dockage/wharfage and Plaintiff claims a maritime lien

1

on the vessel pursuant to general maritime law and 46 U.S. Code § 31342.

4. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. § 1391 as Defendants engage in substantial activity in this district, including vessel repair and dockage services in Lauderdale Marine Center in Ft. Lauderdale and the goods and services and necessaries were provided to the vessel in this District, and the vessel is currently located within this District.

5. This Court has personal jurisdiction over defendant Contessa Marine Research LLC as it engages in substantial activity in this district, including operating vessels in this district, utilizing vessel repair and dockage services in Lauderdale Marine Center in Ft. Lauderdale, the breach of contracts occurred within this district, and its principal, Steven Ivankovich is believed to own property and operate vessels within this district and may reside at        .

## THE PARTIES

6. At all times hereinafter mentioned plaintiff, Starboard Yacht Group LLC is and was a Florida Limited Liability Company with a principal place of business at 850 NE Third Street Suite 208, Dania Florida 33004 and is the business of marine repair, maintenance, furnishing of vessel necessaries, shipyard services, and wharfage and dockage services.

7. Defendant Contessa Marine Research LLC is a Delaware limited liability company with a mailing address of 3411 Silverside Road, Tatnall Building, Ste 104, Wilmington DE 19810.

8. The Defendant vessel, M/V OCTOPUSSY is believed to be owned and operated by Contessa Marine Research LLC a Delaware Limited Liability Company.

9. The defendant Vessel is a Jamaican Flagged (Registry No: JMP15060),143-foot 1988 Heesen built Motor Yacht with a Builder' number of 7038 and MMSI number of 339904000.

10. The maritime necessaries and services provided to defendant vessel occurred within the navigable and territorial waters of the United States and within this district.

11. Plaintiff provided materials and labor to repair the vessel, parts and machinery and dockage in the total amount to date of $5,922,825.60 of which $2,219,616.48 remains due and owing.

12. Plaintiff has demanded payment from the vessel owner/operator charterer and has not been paid in full for Plaintiff's necessaries and services to date. See Exhibit A Invoice.

13. Upon information of crew, owner/operator has taken steps to immediately remove the vessel from Lauderdale Marine Center and tow it to the Bahamas on September 3-4 2023 without paying its invoice.

14. Plaintiff has performed all conditions precedent prior to filing this action.

**COUNT I FORCLOSURE OF A MARITIME LIEN FOR MARITIME NECESSARIES**

Plaintiff re-alleges and reaffirms paragraphs 1-14 and would further allege:

15. Defendant vessel and its representatives contracted with Plaintiff to perform repairs and provide parts and materials for the M/V OCTOPUSSY pursuant to the work orders, estimates and invoices summarized as Exhibit B.

16. The contract was to refit, repair and modify the vessel, remove engines and repower the vessel, install and provide Seakeeper stabilization system, new running gear, new propulsion jets, install a crane, and other items listed on Exhibits A & B.

17. Plaintiff provided substantial necessaries for the vessel including labor, maintenance, parts dockage, engineering naval architecture and vessel supplies, some of which have been paid and some which have not been paid. See Exhibit A, Invoice remaining outstanding.

18. Plaintiff invoiced defendant on a regular basis and defendant would often slow pay or not pay for significant periods of time.

19. Defendant vessel's representatives partially paid for repairs, machinery, materials and dockage, but have failed to make past due payments. See Exhibit A.

20. Currently there are outstanding invoices due and owing from the vessel totaling $2,219,616.48 attached as Exhibit A.

21. Plaintiff has demanded payment for these invoices, but defendant vessel and owners/operators refused to pay, and they remain outstanding.

22. Plaintiff is entitled to recovery of its damages, costs and *custodial legis* fees pursuant to its contract, the general maritime law and 46 U.S.C. Secs 31341-43.

23. Costs, expenses, and disbursements have been, and will be incurred in the prosecution of this action.

WHEREFORE, Plaintiff prays for entry of an arrest warrant and arrest of the M/V OCTOPUSSY its engines, tackle, sails, rigging, gear, Seakeeper units, boats, cargo, appurtenances etc., *in rem* up to and including the amount of $2,219,616.48 plus court costs, custodial and U.S. Marshal's fees and pre-judgment and post-judgment interest at the invoice rate and for all other relief that is proper and just.

FURTHER, the Plaintiff prays that Process for the arrest of the M/V OCTOPUSSY, its engines, tackle, sails, rigging, gear, Seakeeper units, boats, cargo, appurtenances etc., in due form of law, according to the practices of this Honorable Court in causes of Admiralty and Maritime jurisprudence, may issue against the Vessel its hull, main engines, cargo gear, tackle, rigging, boats, gear, Seakeeper units, appurtenances, main engines, fuel, cargo and apparel, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular the matters aforesaid; that Plaintiff have a decree for its damages aforesaid, with interest, custodial fees and costs; and that the M/V OCTOPUSSY its engines, sails, tackle, rigging boats, gear, Seakeeper units, appurtenances etc. be placed in the Plaintiff's possession; that process in due form of law may issue enjoining the Defendants or any other party from attempting to sell

or dispose of the M/V OCTOPUSSY and its engines, tackle, sails, rigging, tools, boats, appurtenances etc., that the M/V OCTOPUSSY and its engines, tackle, sails, rigging, boats, Seakeeper units, appurtenances etc. located within this District be attached to the amount sued for herein, and condemned and sold to pay Plaintiff's claim; and that Defendant M/V OCTOPUSSY, her engines, tackle, sails, rigging, boats, gear, Seakeeper units, appurtenances etc. be adjudged liable to Plaintiff in the amount of $2,219,616.48 plus pre-judgment and post-judgment interest, custodial fees and costs of litigation, and U.S. Marshal's fees and costs, and that the Plaintiff may have such other and further relief as the cause may require.

WHEREFORE, Plaintiff prays for entry of judgment *in rem* in its favor against the M/V OCTOPUSSY her engines, tackle, boats, gear, Seakeepers, appurtenances etc., in rem in the amount of $2,219,616.48 plus prejudgment interest, custodial fees and for all other relief that is proper and just.

## COUNT II BREACH OF MARITIME CONTRACT VS DEFENDANT CONTESSA MARINE RESEARCH LLC

Plaintiff re-alleges and reaffirms paragraphs 1-14 and would further allege:

24. Defendant Contessa Marine Research LLC contracted with Plaintiff to perform repairs and provide parts and materials for the M/V OCTOPUSSY pursuant to the work orders, estimates and invoices summarized as Exhibit B.

25. The contract was to refit, repair and modify the vessel, remove engines and repower the vessel, install and provide Seakeeper stabilization system, new running gear, new propulsion jets, install a crane, and other items listed on Exhibits A & B.

26. The contract also included substantial engineering and Naval Architect work and coordination with Owner's representatives as to the extension of the hull, stability and trim of the

yacht newly configured and included design and engineering studies for the use of hydrogen fuel.

27. Starboard Yacht Group charges $150 per hour for labor and engineering and 10% charge on all machinery and equipment and materials provided for the vessel.

28. Starboard's normal markup rate is 25% and gave the 10% discount rate to Owner provided STARBOARD YACHT GROUP would complete the refit project which was projected to be up to $9,000,000.

29. Starboard Yacht substantially performed the contract and defendant Contessa partly performed the contract by making $3,703,209.12 in payments.

30. Defendant vessel and owners breached the contract by failing to pay for services rendered and equipment provided, failing to provide critical information as to engineering, plans and scope of third-party vendors work, tortious interference with existing business relationships attempting to go around STARBOARD YACHT GROUP and cut them out of the transactions, bath faith, misrepresentation, and failing to allow STARBOARD YACHT GROUP to complete the vessel refit contract, each which represents a material breach of the contract.

31. As a result of these material breaches of contract, STARBOARD YACHT GROUP has been damaged in the amount of $2,219,616.48 plus incidental and consequential damages, loss of profit, loss of business opportunities, attorneys fees and costs and damage to its vendor relationships.

32. The work orders invoices and estimates contain an attorney's fee provision and Plaintiff is entitled to attorneys fees and costs for this breach of contract and collection action.

WHEREFORE, Plaintiff prays for entry of judgment in its favor against the Contessa Marine Research LLC in the amount of $2,219,616.48 plus provable incidental and consequential damages, costs, custodial fees, attorneys fees, and for all other relief that is proper and just.

Respectfully submitted this 1st day of September 2023.

                                                    s/Matthew J. Valcourt
                                                  Matthew J. Valcourt
                                                  Fla. Bar No. 0088791
                                                  Valcourt and Associates LLC
                                                  850 NE Third Street, Suite 208
                                                  Dania, FL 33004
                                                  Telephone: (305) 763-2891
                                                  Facsimile: (305) 470-7484
                                                  Email: mvalcourt@valcourtlaw.com
                                                  Attorneys for Plaintiff, Starboard Yacht Group LLC

**VERIFICATION**

STATE OF FLORIDA

COUNTY OF BROWARD

      BEFORE ME, the undersigned authority, personally appeared Charles Jake Stratmann, who was duly sworn and says that he is the Managing Member of Plaintiff, Starboard Yacht Group LLC, that he has read the foregoing Verified Complaint filed in this case and is familiar with its contents, which are true to the best of his knowledge, information, and belief. The sources of his information and grounds for his belief are documents attached as exhibits, and correspondences and conversations with the plaintiff, the regular business files of the company. The undersigned states that he is authorized to make this representation on behalf of the plaintiff.

                                                           _____
                                                           Charles Jake Stratmann

SWORN TO AND SUBSCRIBED before me this 1st day of September 2023

_____
Signature of Notary Public, State of Florida

MATTHEW JOHN VALCOURT
Notary Public - State of Florida
Commission # HH 246781
My Comm. Expires Jul 24, 2026
Bonded through National Notary Assn.

_____
Print, Typed or Stamped Commissioned Name of Notary Public

Personally Known __X__   Produced Identification _____   Type of Identification Produced:

7