**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**IN ADMIRALTY**

**CASE NO. 23-cv- 61696-SINGHAL**

STARBOARD YACHT GROUP, LLC
A Florida Limited Liability Company,

      Plaintiff,

v.


M/V OCTOPUSSY, a 1988 Heesen built
143-ft Motor yacht, Registry No. JMP15060
her engines, tackle, boats, gear, appurtenances, etc.,
*in rem*, and CONTESSA MARINE RESEARCH
LLC, a Delaware Limited Liability company,
*in personam*,

      Defendants.
_____/

**DEFENDANTS' EMERGENCY MOTION FOR PROMPT POST-SEIZURE HEARING**
**AND DETERMINATION OF AMOUNT OF SECURITY FOR CLAIM**

      COMES NOW, Defendants the M/V OCTOPUSSY and CONTESSA MARINE

RESEARCH LLC (collectively "Defendants"),  by and through undersigned counsel, respectfully

moves this Court for a prompt post-seizure hearing pursuant to Local Admiralty Rule E(8),

Supplemental Admiralty Rule E(4)(f) and E(5) and hereby files this Motion for Prompt Post-

Seizure Hearing and Determination of Amount of Security for Claim pursuant and in support

thereof states as follows:

      1. Counsel for Defendants certifies that undersigned has in good faith conferred with

counsel for Plaintiff, advised him of this Motion, suggested ways to resolve the need to determine

the quantum of security needed, advised him of Defendants intention to request countersecurity

1

and coordinated with him the access of Defendants' expert to examine the Vessel in order to determine its valuation, and Defendants did not protest the presence of Plaintiff's representative onboard and shadowing Defendant's expert while he was conducting his inspection.  As of this filing, Defendants have been unable to resolve the issues raised by this Motion.

2. Defendants file this Emergency Motion because the nature of the emergency is that the arrested Vessel is currently scheduled to be transported by ship to Dubai, UAE, from Port Everglades on or about September 22, 2023. If the Vessel is not released prior to this time, it may miss the carrying vessel. The ocean carrier has refused to refund and advised that it will not refund the $280,000.00 non-refundable deposit.   And, in any event, Defendants are entitled to a prompt post seizure hearing pursuant the Local Admiralty Rules, the Supplemental Admiralty Rules and the United States Constitution. Upon this Court's determination of the amount of security to be posted, Defendants will post the security and file a Motion for Release of the Vessel from arrest. Defendants' expert for the valuation of the Vessel has advised he will be leaving for New Zealand on September 14, 2023, and legal counsel to Plaintiff has advised he has a medical procedure scheduled for September 14, 2023.  Thus, a hearing on the amount of appropriate security required to release the Vessel from arrest is needed promptly and Defendants request this Court schedule the hearing for Wednesday, September 13, 2023.

3. On September 1, 2023, Plaintiff initiated the above styled action, seeking the arrest of the "M/V Octopussy, Registry No. JMP15060 its engines, tackle, sails, rigging, gear, Seakeepers units, boats, cargo, appurtenances etc." [DE 1].   M/V Octopussy, is a 1998 Heesen built 143 ft motor yacht. ("Vessel"). At the time of its arrest, it was and continues to be out of the water, in a ship repair yard and on blocks. It could not possibly have left the jurisdiction without substantial work to make it at least seaworthy enough to make it to the carrying Vessel. All Points Boats had

been contracted with to make the ship seaworthy for the short voyage to the carrying vessel located in Port Everglades. Once ready, it would then need to be lifted off its blocks by a massive travel lift capable of carrying a 144-foot, 245-ton Vessel from the Yard to the waterway next to the Lauderdale Marine Center. Moreover, the full cooperation of the Lauderdale Marine Center has always been required to move this dead ship.  In short, there was never a possibility that the Vessel would slip away without a host of parties know it was scheduled to depart.

4. Plaintiff filed an ex parte emergency motion for issuance of arrest warrant in rem certifying exigent circumstances existed that made review by this Court impracticable.  [DE 3]. And, even though there was absolutely no emergency, Plaintiff, as of this writing, has not requested a specific amount of security and gave no forewarning of the arrest action and Defendants now *in extremis* request a hearing to determine the appropriate amount of security.

5. As a result of Plaintiff's behavior, Defendants were not afforded the opportunity to post a bond in lieu of arrest.  And as this Court will soon know, Defendants have since late July 2023 endeavored to get straight answers from the Plaintiff regarding literally millions of dollars sent to Plaintiff which have gone missing and which Plaintiff has to date been woefully and abysmally unable to account for.

6. On September 5, 2023, this Court issued an Order on Plaintiff's Ex Parte Emergency Motion for Issuance of Arrest Warrant. [DE 8], instructing the U.S. Marshal to arrest of the Vessel. A Warrant of Arrest of Vessel was issued on September 5, 2023. On September 6, 2023, the Vessel was arrested by the US Marshal. As part of the action, and ironically, Plaintiff had itself appointed the substitute custodian for the Vessel.  See [DE 4] and [DE 9].

7. Pursuant to Supplemental Rule of Federal Procedure E(4)(f), Defendants are "entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment

should not be vacated or other relief granted consisted with these rules." *See Merchants Nat'l Bank*, 663 F.2d at 1344. "The purpose of such a post-arrest hearing is to afford due process to the vessel's owner." *Int'l Ship Repair & Marine Servs. V. Barge B. 215*, 2019 U.S. Dist. LEXIS 197531 (M.D. Fla. Nov. 14, 2019) (internal citations omitted).

8. Due to the emergency nature of this Motion, Defendants seek to have this Court hold a post seizure hearing to determine the amount of security to be posted to secure release of the Vessel from arrest. *See Fed. R. Civ. P. Supp. Rule* E(5). Counsel for Plaintiff has offered Counsel for Defendants to post a bond worth the value of the Vessel plus interest thereon at 6 percent annum for two years (or 12%) with the Court. *See Fed. R. Civ. P. Supp. Rule. E(5)(a) and (b).*

9. The Eleventh Circuit Court of Appeals has stated that "there is no justification whatsoever for denying the vessel's owner a post-seizure hearing after the in rem arrest has taken place, and the vessel's presence is assured … Where a vessel is seized, an immediate post-seizure hearing is an essential element of due process." *Neapolitan Navigation, Ltd. v. Tracor Marine, Inc.*, 777 F.2d 1427 (11th Cir. 1985).

WHEREFORE, The Defendants M/V OCTOPUSSY and CONTESSA MARINE RESEARCH LLC respectfully request that this Court enter an Order scheduling a prompt post-seizure hearing to set bond, and if possible, on Wednesday, September 13, 2023 and for all other relief this Court deems just and proper.

## RULE 7.1(d)(1) CERTIFICATE

After reviewing the facts and researching applicable legal principles, I certify that the motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and is constitutionally required under the 4th Amendment and requires an immediate

ruling because the Court would not be able to provide meaning relief to a critical, non-routine issue after the expiration of seven days.  I understand that an unwarranted certification may lead to sanctions.

## LOCAL RULE 7.1 CERTIFICATION

Defendants have attempted to resolve this matter in good faith, but Plaintiff has not responded to its request for stipulation to security amount.  Plaintiff's counsel indicated availability for Wednesday September 13, 2023.

Dated: September 11, 2023                  Respectfully submitted,

Moore & Company, P.A.
255 Aragon Avenue, 3rd Floor
Coral Gables, FL  33134
Telephone: 786-221-0600
Facsimile 786-2201-0601
michael@moore-and-co.com
cflitman@moore-and-co.com
*Counsel for Defendants*

s/Michael T. Moore
Michael T. More, Esq.
Florida Bar No. 207845
Caycie Flitman, Esq.
Florida Bar No. 55826

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by email through the Court's CM/ECF system on September 11, 2023, on all counsel or parties or record listed on the Service List below.

s/Michael T. Moore
Michael T. More, Esq.
Florida Bar No. 207845

## <u>SERVICE LIST</u>

Matthew J. Valcourt, Esq.
VALCOURT AND ASSOCIATES LLC
850 NE Third Street, Suite 208
Dania, FL 33004
Telephone: 305-763-2891
Facsimile: 305-470-7484
mvalcourt@valcourtlaw.com
*Counsel for Plaintiff, Starboard Yacht Group LLC*