IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION
IN ADMIRALTY

STARBOARD YACHT GROUP LLC   CASE NO:23-cv-61696-AHS

A Florida Limited Liability Company,

Plaintiff,

vs.

M/V OCTOPUSSY a 1988 Heesen built
143-ft motor yacht, Registry No: JMP15060
her engines, tackle, boats, gear, Seakeepers,
appurtenances etc., in rem, and Contessa Marine
Research LLC a Delaware limited liability
Company, in personam,

Defendants.
_____/

**STRABOARD YACHT GROUP LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM**

  COMES NOW, Plaintiff/CounterDefendant Starboard Yacht Group LLC, by and through undersigned counsel and hereby files its Answer and Affirmative defenses to the Counterclaim (DE 31) and as grounds would state as follows:

1. Paragraph 1 of the Counterclaim is denied.

2. Paragraph 2 of the Counterclaim is denied.

3. Admitted that this Court has admiralty jurisdiction over Plaintiff's claims.  Except as expressly admitted Paragraph 3 of the Counterclaim is denied.

4. Admitted that Starboard Yacht Group LLC is a Florida Limited Liability Company with a principle place of business of 850 NE Third Street, Suite 208, Dania FL 33016.   Except as expressly admitted Paragraph 4 of the Counterclaim is denied.

5. Paragraph 5 of the Counterclaim is admitted.

6. Paragraph 6 of the Counterclaim is admitted.

7. Paragraph 7 of the Counterclaim is admitted.

8. Paragraph 8 of the Counterclaim is admitted.

9. Paragraph 9 of the Counterclaim is denied.

## GENERAL ALLEGATIONS

10. Paragraph 10 of the Counterclaim is denied.

11. Paragraph 11 of the Counterclaim is denied.

12. Paragraph 12 and all sub paragraphs of the Counterclaim are denied.

13. Paragraph 13 of the Counterclaim is denied.

14. Paragraph 14 of the Counterclaim is denied.

15. Paragraph 15 of the Counterclaim is denied.

16. Paragraph 16 of the Counterclaim is denied.

17. Paragraph 17 of the Counterclaim is denied.

18. Paragraph 18 of the Counterclaim is admitted.

19. Paragraph 19 of the Counterclaim is denied.

20. Paragraph 20 of the complaint is admitted that SYG received funds for 7 vessels under repair, including Octopussy. Except as expressly admitted, all other allegations of Paragraph 20 of the Counterclaim are denied as phrased.

21.  Paragraph 20 of the Counterclaim is denied.

22. Paragraph 22 of the Counterclaim is denied.

23. Paragraph 23 of the Counterclaim is denied.

24. Paragraph 24 of the Counterclaim is denied.

25. Paragraph 25 of the Counterclaim is denied.

26. Paragraph 26 of the Counterclaim is denied.

27. Paragraph 27 of the Counterclaim is denied.

28. Paragraph 28 of the Counterclaim is denied.

29. Paragraph 29 of the Counterclaim is denied.

30. Paragraph 30 of the Counterclaim is denied.

31. Paragraph 31 of the Counterclaim is denied.

32. Paragraph 32 of the Counterclaim is denied.

## COUNT I BREACH OF CONTRACT-SYG

33. Plaintiff/CounterDefendant SYG realleges and reaffirms its answers herein and further
    answers the Counterclaim as follows:

34. Paragraph 34 of the Counterclaim is denied.

35. Paragraph 35 of the Counterclaim is denied.

36. Paragraph 36 including all its sub paragraphs of the Counterclaim are denied.

37. Paragraph 37 of the Counterclaim is denied.

38. Paragraph 38 of the Counterclaim is denied.

39. Paragraph 39 of the Counterclaim is denied.

40. Paragraph 40 of the Counterclaim is admitted, Contessa had full access to accounting
    records and records were provided upon request.

41. Paragraph 41 including all its sub paragraphs of the Counterclaim are denied.

42. Paragraph 42 of the Counterclaim is denied.

43. Paragraph 43 of the Counterclaim is denied.

WHEREFORE having answered Count I of the Counterclaim, SYG prays that it be dismissed with prejudice and that the plead for attorneys fees be stricken and for all other available relief that is proper and just.

## COUNT II UNJUST ENRICHMENT

44. Plaintiff/CounterDefendant SYG realleges and reaffirms its answers herein and further answers the Counterclaim as follows:

45. Paragraph 45 of the Counterclaim is denied.

46. Paragraph 46 of the Counterclaim is denied.

47. Paragraph 47 of the Counterclaim is denied.

48. Paragraph 48 of the Counterclaim is denied.

49. Paragraph 49 of the Counterclaim is denied.

50. Paragraph 50 of the Counterclaim is denied.

WHEREFORE having answered Count II of the Counterclaim, SYG prays that it be dismissed with prejudice and for all other available relief that is proper and just.

## COUNT III CONVERSION vs SYG

51. Plaintiff/CounterDefendant SYG realleges and reaffirms its answers herein and further answers the Counterclaim as follows:

52. Paragraph 52 of the Counterclaim is denied.

53. Paragraph 53 of the Counterclaim is denied.

54. Paragraph 54 of the Counterclaim is denied.

55. Paragraph 55 of the Counterclaim is denied.

56. Paragraph 56 of the Counterclaim is denied.

57. Paragraph 57 of the Counterclaim is denied.

58. Paragraph 58 of the Counterclaim is denied.

59. Paragraph 59 of the Counterclaim is denied.

60. Paragraph 60 of the Counterclaim is admitted that SYG filed suit on September 1, 2023. Except as expressly admitted, all other allegations of Paragraph 60 of the Counterclaim are denied.

61. Paragraph 61 of the Counterclaim is denied.

WHEREFORE having answered Count III of the Counterclaim, SYG prays that it be dismissed with prejudice and for all other available relief that is proper and just.

## COUNT IV CONVERSION VS CHARLES JAKE STRATMANN

62. Plaintiff/CounterDefendant SYG realleges and reaffirms its answers herein and further answers the Counterclaim as follows: To the extent **COUNT IV CONVERSION (AGAINST CHARLES JAKE STRATMANN)** applies to SYG, SYG denies Paragraphs 62 through 76 of the Counterclaim.

## COUNT V FRAUD AS TO CHARLES JAKE STRATMANN INDIVIDUALLY

77. Plaintiff/CounterDefendant SYG realleges and reaffirms its answers herein and further answers the Counterclaim as follows: To the extent **COUNT V FRAUD (AS TO CHARLES JAKE STRATMANN)** applies to SYG, SYG denies paragraphs 77 to 92 of the Counterclaim.

## COUNT VI FRAUD AS TO SYG

93.  Plaintiff/CounterDefendant SYG realleges and reaffirms its answers herein and further answers the Counterclaim as follows:

94. Paragraph 94 of the Counterclaim is denied.

95. Paragraph 95 of the Counterclaim is denied.

96. Paragraph 96 of the Counterclaim is denied.

97. Paragraph 97 of the Counterclaim is denied.

98. Paragraph 98 of the Counterclaim is denied.

99. Paragraph 99 of the Counterclaim is denied.

100. Paragraph 100 of the Counterclaim is denied.

101. Paragraph 101 of the Counterclaim is denied.

102. Paragraph 102 of the Counterclaim is denied.

103. Paragraph 103 of the Counterclaim is denied.

104. Paragraph 104 of the Counterclaim is denied.

105. Paragraph 105 of the Counterclaim is denied.

106. Paragraph 106 of the Counterclaim is denied.

107. Paragraph 107 of the Counterclaim is admitted.

108. Paragraph 108 of the Counterclaim is denied.

109. Paragraph 109 of the Counterclaim is denied.

110. Paragraph 110 of the Counterclaim is denied.

WHEREFORE having answered Count VI of the Counterclaim, SYG prays that it be dismissed with prejudice and for all other available relief that is proper and just.

## COUNT VII NEGLIGENT MISREPRESENTATION AS TO SYG

111. Plaintiff/CounterDefendant SYG realleges and reaffirms its answers herein and further answers the Counterclaim as follows:

112.  Paragraph 112 of the Counterclaim is denied.

113.  Paragraph 113 of the Counterclaim is denied.

114. Paragraph 114 of the Counterclaim is denied.

115. Paragraph 115 of the Counterclaim is denied.

116. Paragraph 116 of the Counterclaim is denied.

117. Paragraph 117 of the Counterclaim is denied.

118. Paragraph 118 of the Counterclaim is denied.

119. Paragraph 119 of the Counterclaim is denied.

120. Paragraph 120 of the Counterclaim is denied.

121. Paragraph 121 of the Counterclaim is denied.

122. Paragraph 122 of the Counterclaim is denied.

123. Paragraph 123 of the Counterclaim is denied.

124. Paragraph 124 of the Counterclaim is denied.

125. Paragraph 125 of the Counterclaim is denied.

126. Paragraph 126 of the Counterclaim is denied.

127. Paragraph 127 of the Counterclaim is denied.

128. Paragraph 128 of the Counterclaim is denied.

129. Paragraph 129 of the Counterclaim is denied.

130. Paragraph 130 of the Counterclaim is denied.

WHEREFORE, having answered Count VII of the Counterclaim, SYG prays that it be dismissed with prejudice and for all other available relief that is proper and just.

## COUNT VIII NEGLIGENT MISREPRESENTATION AS TO CHARLES JAKE STRATMANN

Plaintiff/CounterDefendant SYG realleges and reaffirms its answers herein and further answers the Counterclaim as follows: To the extent COUNT VIII NEGLIGENT MISREPRESENTATION (AS TO CHARLES JAKE STRATMANN) applies to SYG, SYG states that paragraphs 131 to 148 of the Counterclaim are hereby denied.

## COUNT IX BREACH OF FIDUCIARY DUTY AS TO SYG AND CHARLES JAKE STRATMANN

149.   Plaintiff/CounterDefendant SYG realleges and reaffirms its answers herein and further answers the Counterclaim as follows:

150.   Paragraph 150 of the Counterclaim is denied.

151.   Paragraph 151 of the Counterclaim is denied.

152.   Paragraph 152 of the Counterclaim is denied.

153.   Paragraph 153 of the Counterclaim is denied.

154.   Paragraph 154 of the Counterclaim is denied.

155.   Paragraph 155 of the Counterclaim is denied.

156.   Paragraph 156 of the Counterclaim is denied.

157.   Paragraph 157 including all subparagraphs of the Counterclaim is denied.

158.   Paragraph 158 of the Counterclaim is denied.

159.   Paragraph 159 of the Counterclaim is denied.

WHEREFORE, having answered Count IX of the Counterclaim, SYG prays that it be dismissed with prejudice and for all other available relief that is proper and just, further that SYG moves to strike the request for a jury trial when CounterPlaintiff cites no authority for a jury trial in admiralty.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:** Failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) as to all Counts.

**Second Affirmative Defense:** Statute of Frauds/Failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) as to Count I Breach of contract.   Defendant Counterplaintiff fails to attach any written contracts with the terms and conditions alleged and the contract was more than $1,000.

**Third Affirmative Defense** as to Counts IV, V, VIII and IX Rule 12(b)(2) Lack of Personal Jurisdiction over Charles Stratmann who is not a party to the original contract action for counterclaim.

**Fourth Affirmative Defense** as to Counts IV, V, VIII and IX Rule 12(b)(1) Lack of Subject Matter Jurisdiction for Counterclaim against Charles Jake Stratmann who is not a party to the original contract action.

**Fifth Affirmative Defense** as to Counts IV, V, VIII and IX rule 12(b)(4) Insufficiency of Process as to Counterclaim against Charles Jake Stratmann who is not a party to the original contract action.

**Sixth Affirmative Defense;** Failure to state a claim for a jury trial. Rule 12(b)(1)   Plaintiff plead this action in admiralty and Defendant's counterclaim has plead no other subject matter jurisdiction to allow a jury trial in admiralty. Even if it did, no jury trial is allowed. Thus, the whole of the complaint should be dismissed or the plea for a Jury trial be stricken. Plaintiff invoked admiralty jurisdiction thus precluding defendant from exercising his right to trial by jury. *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc*., 561 F.3d 1181, 1187 (11th Cir. 2009) "We explained that, in such dual jurisdiction cases, the plaintiff may elect to proceed in admiralty under Rule 9(h), rather than under diversity jurisdiction, and thereby preclude a defendant from exercising his right to trial by jury."

**Seventh Affirmative Defense;** Failure to state a claim for attorneys fees. Defendant has not plead any basis for attorneys fees under this Court's Admiralty Jurisdiction. The prevailing party in an admiralty case is not entitled to recover its attorneys' fees as a matter of course. *Misener Marine Const., Inc. v. Norfolk Dredging Co*., 594 F.3d 832 (11th Cir. 2010).

**Eight Affirmative Defense**: Unclean hands. Defendants have engaged in numerous deceptive and unfair practices and subterfuge, bait and switch tactics and attempting to overtake Plaintiff's business, making material misrepresentations, fraud in the inducement and failure of consideration for all the goods and services wrought from Starboard Yacht Group, and bad faith, such that any claim for equitable relief should be denied.

**Ninth Affirmative Defense:** Failure of consideration and breach of contract.

**Tenth Affirmative Defense:** Setoff: Plaintiff is entitled for any set off for funds expended or for defendant's breach of contract.

10

**Eleventh Affirmative Defense:** Failure to mitigate its damages. Defendant has failed to mitigate its damages, expended excessive funds to remove the vessel to a foreign jurisdiction, failed to allow SYG to cure any alleged defects.

**Twelfth Affirmative Defense:** Failure to state a claim Rule 12(b)(6) Breach of contract generally does not support a claim for conversion in Florida. A debt that can be discharged by the payment of money cannot be the subject of a conversion claim under Florida law. *BluestarExpo, Inc. v. Enis*, 568 F. Supp. 3d 1332 (S.D. Fla. 2021)

**Thirteenth Affirmative Defense:** Failure to state a claim for breach of fiduciary duty. Failure to establish the existence of a *bona fide* fiduciary duty under maritime law or Florida law; failure to establish the breach of that duty such that it is the proximate cause of the damage; and any independent damages flowing from the breach. *Gracey v. Eaker,* 837 So. 2d 348 (Fla. 2002); *Crusselle v. Mong,* 59 So. 3d 1178 (Fla. 5th DCA 2011) Under Florida law, regardless of whether the fiduciary relationship is express or implied, a plaintiff must do more than set forth conclusory allegations or merely recite the definition of a fiduciary relationship to establish the existence of a fiduciary duty. *BluestarExpo, Inc. v. Enis,* 568 F. Supp. 3d 1332 (S.D. Fla. 2021)

**Fourteenth Affirmative Defenses**: Economic Loss Rule: defendant/Counterplaintiff's damages are limited or excluded by the economic loss rule. Under Florida law, claims for negligent misrepresentation are barred by the economic loss rule *Aprigliano v. Am. Honda Motor Co., Inc*., 979 F. Supp. 2d 1331 (S.D. Fla. 2013)

**Fifteen Affirmative Defense:** Under Florida's independent tort doctrine, a plaintiff may not recast causes of action that are otherwise breach-of-contract claims as tort claims. *BluestarExpo, Inc. v. Enis*, 568 F. Supp. 3d 1332 (S.D. Fla. 2021) The majority of the claims brought by

11

defendant/Counterplaintiff are repetitive recast tort claims involving the parties' contract actions.

**Sixteenth Affirmative Defense**: Defendant/Counterplaintiff's damages are limited by the application of Maritime law including loss of use for a non-commercial vessel.

**Seventeenth Affirmative Defense**: Plaintiff/CounterDefendant SYG alleges any and all available defenses under the Uniform Commercial Code, including but not limited to Plaintiff's failure to allow Defendant to cure any alleged non-conformities.

*Plaintiff reserves the right to amend these defenses as discovery continues.

Respectfully submitted this 20th day of November 2023.

s/Matthew J. Valcourt
Matthew J. Valcourt
Fla. Bar No. 0088791
VALCOURT AND ASSOCIATES LLC
850 NE Third Street Suite 208
Dania FL 33004
Telephone: (305) 763-2891
Facsimile: (305) 470-7484
Email: mvalcourt@valcourtlaw.com
Attorneys for Plaintiff/CounterDefendant
Starboard Yacht Group LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Matthew J. Valcourt
Matthew J. Valcourt