UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61696-CIV-SINGHAL

STARBOARD YACHT GROUP LLC
A Florida Limited Liability Company,

      Plaintiff,

v.

M/V OCTOPUSSY a 1988 Heesen built
143-ft motor yacht, Registry No: JMP15060
her engines, tackle, boats, gear, Seakeepers,w
appurtenances etc., *in rem*, and CONTESSA
MARINE RESEARCH LLC a Delaware limited
liability Company, *in personam*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Contessa Marine Research LLC's ("Contessa") Motion for Counter-Security on Counterclaim ("Motion") (DE [33]). In its Motion, Contessa asks for an order requiring Counter-Defendant Starboard Yacht Group LLC, ("SYG") to post countersecurity in an amount of $3,027,994.72. (DE [33] at 1). SYG's response asks the Court to deny Contessa's motion or, alternatively, to reduce the counter security to an amount equal to, or lower than, $400,000, the amount that Contessa has posted as security for SYG's claims. (DE [36] at 9). In its Reply, Contessa also alternatively asks for an order requiring SYG to post countersecurity in the amount of $400,000. (DE [44] at 1).

As both parties have noted, Supplemental Rule E(7) states, in relevant part, that

> "Whenever there is asserted a counterclaim arising out of the same transaction or occurrence . . . and the defendant . . . in the original action has given security to respond in damages, any plaintiff for whose benefit such security has been given shall give security in the usual amount and

form to respond in damages to the claims set forth in the counterclaim, unless the court, for cause shown, shall otherwise direct."

Supplemental Admiralty Rule E(7); *see also First Maryland Leasecorp. v. M/V Golden Egret*, 764 F.2d 749, 758 (11th Cir. 1985).  The purpose of Supplemental Rule E(7) is to "place the parties on basis of equality as regards security." *Afram Lines Int'l, Inc. v. The M/V Captean Yiannis*, 905 F.2d 347, 349 (11th Cir. 1990) (citations omitted).  "To effectuate this purpose, the district court retains broad discretion to determine whether (and in what amount) countersecurity shall be posted."  *Id.*

Here, requiring SYG to post a $400,000 countersecurity best achieves the purpose of Supplemental Rule E(7) in placing the parties on equal basis.  *See id.*  Contessa posted a $400,000 security in lieu of the arrest of the vessel *Octopussy*, even though SYG's claims are for over two million dollars.  *See* (DE [1] at 4); (DE [24]).  Since Contessa did not have to post a security in the full amount of damages requested for SYG's claims, it would not be fair or place the parties on an equal basis if SVG had to for Contessa's claims.  Also, since both Contessa and SVG alternatively asked for $400,000 to be posted as countersecurity for Contessa's counterclaims, the Court will grant their requests. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Contessa's Motion for Counter-Security on Counterclaim (DE [33]) is **GRANTED IN PART**.  SVG is required to post countersecurity in the amount equal to $400,000.  Unless the parties agree otherwise, SVG will deposit the funds in an account in a similar fashion to how Contessa deposited the security it posted in lieu of the arrest of the vessel, *Octopussy*.  *See* (DE [24]).  The $400,000 countersecurity will be held pursuant to a Joint Escrow Agreement between the parties and shall not be released unless signed by all parties or pursuant to a lawful order of this Court after exhausting all appeals.

2

It is further **ORDERED AND ADJUDGED** that SVG may, at their option, replace the security in escrow by posting an approved bond with the Court for $400,000 and that either party reserves the right to move the Court to adjust security as the facts or the circumstances of the Rules allow.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 13th day of March 2024.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE


Copies furnished counsel via CM/ECF