UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61696-CIV-SINGHAL

STARBOARD YACHT GROUP LLC,

    Plaintiff,

v.

M/V OCTOPUSSY a 1988 Heesen built
143-ft motor yacht, Registry No: JMP15060
her engines, tackle, boats, gear, Seakeepers,
appurtenances etc., *in rem*, and CONTESSA
MARINE RESEARCH LLC a Delaware limited
liability company, *in personam*,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Contessa Marine Research LLC's ("Contessa") Motion for Clarification (DE [54]).  In the Court's March 13th Order, it ordered Plaintiff Starboard Yacht Group, LLC ("SYG") to post countersecurity in the amount equal to $400,000.  (DE [53]).  The parties seek clarification as to when SYG must post the countersecurity.  (DE [54]).  Contessa requests a fifteen (15) day deadline while SYG requests, at minimum, a deadline following the time for which it can appeal the Court's March 13th Order, or thirty (30) days.  (DE [56]).

In their response, SYG also asks the Court to reconsider its March 13th order, citing, amongst other arguments,[1] the financial hardship to SYG to post the $400,000 countersecurity.  The Court will not accept SYG's invitation to reconsider its prior ruling. To start, SYG makes no showing as to why reconsideration is appropriate.

---

[1] As to these "other arguments," these were all raised in SYG's response to motion for counter security. The Court will not reconsider them here.

Reconsideration is appropriate when, and only when, "there has been an intervening change in law, if new evidence has become available, or if there is a need to correct clear error or manifest injustice." *See, e.g.*, Milligan v. Berryhill, 2019 WL 13290746, at *2 (N.D. Fla. Dec. 2, 2019) (citations omitted).  SYG fails to explain how one of those three bases for reconsideration are satisfied here, let alone even mention or discuss this standard.

Notwithstanding the lack of discussion on the reconsideration standard, SYG would seemingly argue that reconsideration is appropriate because requiring it to post a bond of $400,000 imposes such a financial burden that it amounts to a manifest injustice. Plaintiff never raised this argument—that posting $400,000 as countersecurity would present a financial hardship—in the initial briefing on the Motion for Countersecurity so the Court will not consider it here.  To the extent SYG wishes to raise this argument on appeal, it has every right to do so, but the Court questions why the specific relief SYG asked for included the following: *"in the alternative, that the counter security if granted be reduced to an amount equal to $400,000 or lower"*. (DE [36]).  In essence, SYG wants to appeal an Order granting SYG what it wanted.  This cannot be what proper lawyering and counseling is all about.[2]  In other words, if you did not want it, do not ask for it.

Nevertheless, the Court finds that a fifteen (15) day deadline to post the countersecurity is too burdensome, and that a stay on the original claim until the security is given could be too great.  See Supplemental Rule E(7)(b).  Accordingly, and in light of the Court's broad discretion to determine whether and how countersecurity shall be

---

[2] SYG claims it "raised the burden of posting countersecurity in its previous response (DE 36)."  (DE [56] at 5).  That may be so, but a review of SYG's response to the motion for countersecurity and the affidavit of Charles Jacob Stratmann attached to it clearly demonstrates that any argument that SYG raised about the burden of posting the countersecurity was with respect to posting countersecurity over $3,000,000.  See (DE [36] at 6); (DE [36-1] ¶ 8).  There is no discussion about the financial hardship posting $400,000 would place on SYG. It is disingenuous for SYG to now claim that it has, especially when it requested a $400,000 countersecurity as alternative relief in its prior briefing.  It demonstrates poor gamesmanship to receive requested relief and then complain it is not enough.

2

posted, *see Afram Lines Int'l, Inc. v. The M/V Captean Yiannis*, 905 F.2d 347, 349 (11th Cir. 1990), it is hereby

**ORDERED AND ADJUDGED** that the Motion for Clarification is **GRANTED IN PART.** SYG shall post the $400,000 countersecurity within thirty (30) days from entry of this order.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 21st day of March 2024.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF