IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION
"IN ADMIRALTY"

STARBOARD YACHT GROUP LLC                CASE NO:   0:23-cv-61696-AHS
A Florida Limited Liability Company,

     Plaintiff,

vs.

M/V OCTOPUSSY a 1988 Heesen built
143-ft motor yacht, Registry No: JMP15060
her engines, tackle, boats, gear, Seakeepers,
appurtenances etc., *in rem*, and Contessa Marine
Research LLC a Delaware limited liability
Company, *in personam*,

     Defendants.
_____/

### PLAINTIFF STARBOARD YACHT GROUP LLC'S RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW, Plaintiff Starboard Yacht Group LLC, by and through undersigned counsel, and pursuant to this Court's *sua sponte* demand to show cause (DE 69) as follows:

Starboard Yacht Group sued defendant vessel and Contessa Marine Research LLC for maritime necessaries for work performed on the famous Motor Yacht "OCTOPUSSY" of James Bond movie fame. (DE 1) Contessa Marine commissioned a major refit and redesign of the vessel including adding new propulsion engines, gears, and adding Seakeepers and other stabilization options. (DE 1) Starboard Yacht Group initiated the work, purchased materials and expended labor for the projects authorized by Contessa Marine to its extreme detriment because Contessa refused to pay for goods and services, leaving Starboard is a difficult financial position. (DE 1) Starboard arrested the vessel as a means of partial security for its claims.

1

Contessa Marine sought and obtained countersecurity in the amount of $400,000 which was to be posted a mere 30-days after the revised order. (DE 59) Starboard Yacht Group immediately sought to obtain the $400,000.00 in security through Locality Bank and pledging some of its assets including its demonstration vessels consisting of a 33-Ft Everglades vessel and a 28-foot foot Pursuit vessel.   The two vessels have should be appraised at over $1,000,000.   A copy of the term sheet is attached as Exhibit A. Starboard Yacht anticipated that the Small Business Loan underwriting process would be completed by the 30-day deadline, but the underwriters unexpectedly requested appraisals of the two vessels, which was completed last week. Starboard anticipates getting security in place within the next 28-35 days.

The vessels are insured for $1,000,000 as part of Starboard Yacht's dealer inventory.   See Exhibit B Insurance Binder.   Starboard Yacht did not move for an extension as it anticipated that it would have the funds to post into the Court or into its counsel's IOTA Account in time. Additionally, Starboard and its counsel anticipated that the *in rem* action would merely be stayed until it could post the security. Supplemental Rule E(7) Security on Counterclaim. States:

> (a) When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise. **Proceedings on the original claim must be stayed until this security is given, unless the court directs otherwise.** Supp Rule E(7)(a) Emphasis supplied)

In this Court's Order (DE 53) and clarification Order (DE 59) nothing in the order indicates dismissal of the *in rem* claim for failing to meet the 30-day deadline.   Rule E(7)(a) states clearly that the claim "must be stayed…unless the Court directed otherwise." The Court did not order dismissal for failing to comply in time.   Starboard Yacht has acted with dispatch and sought the funding to post the $400,000.00 and is fully confident it can post security as soon as the

2

underwriting process is complete. As the Court can appreciate, the current lending underwriting standards have been constricted and require more work with the current interest rates and market constriction. While Contessa Marine has sought dismissal of Starboard Yachts *in rem* claim with prejudice in its recent motion, DE 57, that issue is not yet ripe, and the Court by the Show Cause Order is apparently shortening that process as responses to that Motion are due on May 7, 2024.

Fundamental fairness is required to provide an additional 28-35 days to secure the funding for Counter Security. By way of example, if Contessa did not post security after arrest, it would generally have 120 days to post security to avoid an interlocutory sale under Rule E(9)(a)(i). This is an important public policy issue as Ft. Lauderdale and its marine repair companies will be devastated if they cannot arrest vessels for unpaid bills and secure their claims and have a reasonable time to post counter security. Starboard Yacht decided to seek the $400,000.00 in lieu of filing an appeal to further move this cause to conclusion.

The vessel and its appurtenances have been transported to Dubai and are without the reach of this Court so dismissing the *in rem* claim without prejudice will be fatal to the security and collection process of legitimate claims by Starboard Yacht and any recent claims intervenor LMC-Safe Harbor. Although countersecurity determinations are vouchsafed to the district court's discretion, the court's inquiry must be guided by several considerations. First, the court should be reluctant to order countersecurity if the plaintiff does not, by the posting of countersecurity, seek to release its property from the counterplaintiff's custody. See *Expert Diesel, Inc. v. The Yacht "Fishin' Fool"*, 627 F.Supp. 432, 433 (S.D.Fla.1986), cited with approval in *Goudy & Stephens, Inc. v. Cable Marine, Inc.*, 665 F.Supp. 67, 71 (D.Me.1987); see also 7 A J. Moore, Moore's Federal Practice E–738 (2d ed. 1983) ("Compelling the posting of any security by a party who has no property whose release he is attempting to secure is contrary to our judicial system.") (emphasis

original). Second, the court should determine whether the counterplaintiff could initially have brought its claim *in rem* or quasi *in rem.* Additionally, the court should consider, if applicable, the plaintiff's financial ability to post countersecurity, see *Titan Nav., Inc. v. Timsco, Inc.,* 808 F.2d 400, 403 (5th Cir. 1987) (citing Beaumont, 8 F.2d at 601), and the extent to which the counterclaim may be deemed frivolous. See *Titan,* 808 F.2d at 404; see also Moore, supra at E–756 n. 95 (listing other factors germane to countersecurity determination) as cited in *Afram Lines Intern., Inc. v. M/V Capetan Yiannis*, 905 F.2d 347, 349–50 (11th Cir. 1990)

The rule never contemplated, ... that, where the parties to the original libel had established their rights and obtained security, this should be lost to them, because of their inability, arising from insolvency or other good reason, to procure a bond to respond to a large claim asserted in the cross-libel, and that as a result their libel should be dismissed. This would not only be unjust but would in effect be negative and nullify the provision of the rule giving the trial court full discretion to act upon the very subject involved. *The Beaumont, 8 F.2d 599 at 601* (4th Cir.1925).

Plaintiff Starboard Yacht Group maintains that the Counterclaims are frivolous, and this Court has conducted no inquiry as to the basis or justification of the alleged counterclaims. The Court has made no findings that plaintiff by the posting of countersecurity, seeks to release its property from the counterplaintiff's custody as required by the *Afram* case cited by this Court in its Order. The countersecurity motion was sought to punish Plaintiff from bringing this action, further disadvantaging Starboard Yacht and has no basis in law or in fact.

Another factor to extend the *in rem* claim is that the intervenor parties have also laid claim to the security *res* (DE 61), and it should not be released until those issues have been resolved by this Court.   Specifically, LMC has requested the following relief:

*(A) That the Court order the Clerk of Court to issue a process of attachment and garnishment of the $400,000 substitute security held in Moore and Co. P.A.'s trust*

4

> *account which is currently Defendant, Contessa's, property located within the Southern of Florida and direct the U.S. Marshals Service to serve the process of attachment and garnishment on Moore and Co. P.A.* Case 0:23-cv-61696-AHS Document 61 Entered on FLSD Docket 03/29/2024 Page 15

Contessa Marine has moved to dismiss LMC's claims as to Rule C or Rule B attachments sought. (DE 68) The response to that Motion to Dismiss is not due until May 10, 2024 and the Reply brief is not due until May 17, 2024 based on the Federal Rules of Civil Procedure. LMC is seeking an order to attach or have a Rule C warrant issued. Given these various deadlines and actions against the $400,000.00 in security, it is fair and equitable to merely stay the *in rem* claims of Starboard Yacht until such time as these unripe issues are resolved by motion and leave the $400,000.00 in place until such time as Starboard Yacht Group posts the Ordered $400,000.00 in Counter security. Defendant alleges missing funds as per some magical audit (DE 57) but does not file the audit or its audit reports with the Court to justify its countersecurity. The case cited by defendant in its motion to dismiss (DE 57 pg 4) *Yacht Basin, Inc. v. M/V GRAY MIST II,* 1989 WL 71851375, at *1 (S.D. Fla. Oct. 18, 1989) the Court allowed 3 months to post security before dismissal.

In summary, Starboard Yacht Group disagrees that Contessa has qualified for countersecurity and while it does pose a financial hardship, Starboard Yacht merely needs a few more weeks to post security. No party will be prejudiced as *in rem* claims can be stayed and because there are several pending motions, and responses and replies due directly related to the security at issue. Starboard Yacht seeks only a slight grace period to post security or in the alternative to stay the *in rem* action until such time as it can post security up to and including time that would be afforded to Defendants in any interlocutory sale.

WHEREFORE, having responded to this Court's Order to Show Cause, and Starboard Yacht having diligently seeking funds to post security, request that this Court at a minimum allow another 28 days to post security and allow it to respond to the Motion to Dismiss (DE 57) Pending and for all other relief that is proper and just.

Respectfully submitted this 30th day of April, 2024.

s/*Matthew J. Valcourt*
Matthew J. Valcourt
Fla. Bar No. 0088791
Valcourt and Associates LLC
850 NE Third Street, Suite 208
Dania, FL 33004
Telephone: (305) 763-2891
Facsimile: (305) 470-7484
Email: mvalcourt@valcourtlaw.com
Attorneys for Plaintiff, Starboard Yacht Group LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Matthew J. Valcourt
Matthew J. Valcourt