UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-61696-CIV-SINGHAL/VALLE

STARBOARD YACHT GROUP LLC,

    Plaintiff,

v.

M/V OCTOPUSSY a 1988 Heesen built 143-ft motor yacht, Registry No: JMP15060 her engines, tackle, boats, gear, Seakeepers, appurtenances etc., in rem, and CONTESSA MARINE RESEARCH LLC, a Delaware limited liability Company, in personam,

    Defendants.
_____/

SHM LMC, LLC, d/b/a Lauderdale Marine Center,

    Intervening Plaintiff,

v.

M/V OCTOPUSSY a 1988 Heesen built 143-ft motor yacht, Registry No: JMP15060 her engines, tackle, boats, gear, Seakeepers, appurtenances etc., in rem, and Contessa Marine Research LLC a Delaware limited liability Company, in personam,

    Defendants.
_____/

SHM LMC, LLC, d/b/a Lauderdale Marine Center,

    Cross-Plaintiff,

v.

STARBOARD YACHT GROUP LLC,

    Defendant.
_____/

1

## **ORDER**

**THIS CAUSE** comes before the Court on two (2) Motions: Defendants Contessa Marine Research LLC ("Contessa") and M/V Octopussy's (the "Vessel") ("Defendants," collectively) Motion to Dismiss Plaintiff Starboard Yacht Group LLC's ("SYG") *In Rem* Claim for Failure to Post Counter-Security and Request for Immediate Release of Security (the "Motion to Dismiss and Request for Release") (DE [127]) and Intervenor Plaintiff SHM LMC, LLC's ("LMC") Renewed Motion for Order Directing the Court Clerk to Issue a Supplemental Warrant of Arrest *In Rem* of Defendant Contessa Marine Research's Substitute Security Currently Held in Trust by Moore & Company (the "Motion for Order Directing the Court Clerk") (DE [128]).  Defendants' Motion to Dismiss and Request for Release was filed on August 8, 2024.  SYG filed its Response in Opposition (DE [140]) on August 26, 2024, and the Defendants rebutted with their Reply to SYG's Response in Opposition (DE [145]) on September 3, 2024.  And after the Motion for Order Directing the Court Clerk was also filed on August 8, 2024, Defendants and Plaintiff filed their Responses on August 22, 2024 and August 26, 2024, respectively.  *See* (DE [138], DE [139]).  LMC submitted its Reply in Support of its Motion for Order Directing the Court Clerk and in Response to Defendants' and SYG's Responses (DE [144]) on August 29, 2024.  Both motions are ripe for adjudication.  The Court has reviewed all appropriate materials and is fully advised in the premises.

## DISCUSSION

**LMC's Motion for Order Directing the Court Clerk (DE [128])**

LMC advises that it "maintains a valid lien because it was never fully paid" for materials and services for the Vessel—considering the credit card chargebacks.  (DE

[128] at p. 2-3).  It argues that its Amended Verified Intervening Complaint "alleges sufficient facts to support the issuance of a supplemental warrant of arrest *in rem* for the substitute security (res) that stands in place of M/Y Octopussy."  *Id.* at p. 3.  Hence, with its Motion for Order Directing the Court Clerk, LMC seeks a "supplemental warrant of arrest before the Court rules" on Defendants' Motion to Dismiss and Request for Release (DE [127]).  (DE [128] at p. 3).  Defendants reject this position, insisting that LMC does not have a "maritime lien because [it] was paid in full and any lien that it ever had was extinguished."  (DE [138] at p. 2).  As Defendants' argument follows, without a maritime lien, LMC would have no *in rem* claim against the Vessel.  *Id.*

LMC's motion references the Amended Verified Intervening Complaint (DE [94]), and Defendants' Response incorporates details set forth in their Motion to Dismiss LMC's Amended Verified Intervening Complaint (DE [114]).  Here, there is considerable overlap between arguments LMC and Defendants presented in their briefing for that Motion to Dismiss and the immediate Motion for Order Directing the Court Clerk.  By now, the Court has ruled on Defendants' Motion to Dismiss LMC's Amended Verified Intervening Complaint, having found that "the maritime lien ceased to exist upon payment…"  (DE [174] at p. 4).  There is no need for the Court to repeat itself.  Consistent with its recent Order (DE [174]), the Court denies LMC's Motion for Order Directing the Court Clerk.

### Defendants' Motion to Dismiss and Request for Release (DE [127])

By way of their Motion to Dismiss and Request for Release, Defendants request release of $400,000.00 in security posted by Contessa to secure SYG's *in rem* claim.  Defendants charge SYG with failing to post the required $400,000.00 in counter-security on or before August 7, 2024—and despite multiple opportunities and extensions.  *See*

3

(DE [127] at p. 2-4; DE [93]).  Moreover, Defendants claim that SYG has failed to comply with the Court's requirement for status reports should there be delays in posting the counter-security.  (DE [127] at p. 8-9).  For this reason, Contessa requests that "the $400,000.00 security be immediately released . . ., and that SYG's claim in rem against the Vessel for foreclosure of maritime lien be dismissed pursuant to Supplemental Rule E(7) of the Admiralty and Maritime Rules and Fed.R.Civ.P 41(b)." *Id.* at p. 9.

In its Response, SYG does not push back on Defendants' arguments.  Rather, SYG concedes it "did not successfully post $400,000.00 in countersecurity by August 7, 2024." (DE [140] at ¶ 12).  Then, SYG asks that "dismissal be without prejudice," should the Court grant Defendants' Motion to Dismiss and Request for Release.  *Id.* at ¶ 13. What the Court finds striking is what SYG *does not* provide in its Response: an explanation for why it has not posted the $400,000.00 in countersecurity, a request for an extension, or any reasoning for why the Court should not grant Defendants' Motion to Dismiss and Request for Release.  Based on SYG's inadequate filing, the Court sees no path forward but to grant Defendants' Motion to Dismiss and Request for Release.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Intervenor Plaintiff LMC's Renewed Motion for Order Directing the Court Clerk to Issue a Supplemental Warrant of Arrest *In Rem* of Defendant Contessa Marine Research's Substitute Security Currently Held in Trust By Moore & Company (DE [128]) is **DENIED.**

2. Defendants Contessa and M/V Octopussy's Motion to Dismiss SYG's *In Rem* Claim for Failure to Post Counter-Security and Request for Immediate Release of Security (DE [127]) is **GRANTED.**

4

      a. SYG's claim *in rem* against the Vessel is **DISMISSED with prejudice.**

      b. Contessa's $400,000.00 security **SHALL** be released.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 11th day of February 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF