IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. 0:23-CV-61696-AHS

STARBOARD YACHT GROUP LLC,

    *Plaintiff*

vs.

M/V OCTOPUSSY, a 1988 Heesen built 143-ft. motor yacht,
Registry No. JMP15060 her engines, tackle, boats, gear,
Seakeepers, appurtenances, etc. *in rem*, and
CONTESSA MARINE RESEARCH LLC, *in personam*

    *Defendants*
_____/

SHM LMC, LLC, d/b/a Lauderdale Marine Center,

    *Intervening Plaintiff*

vs.

M/V OCTOPUSSY, a 1988 Heesen built 143-ft. motor yacht, Jamaica
Registry No. JMP15060 her engines, tackle, boats, gear, Seakeepers,
appurtenances, etc. *in rem*, $400,000 held as security in escrow
for the release of the M/V OCTOPUSSY, *in rem*, and CONTESSA
MARINE RESEARCH LLC,

    *Defendants*
_____/

SHM LMC, LLC, d/b/a Lauderdale Marine Center,

    *Cross-Plaintiff*

vs.

STARBOARD YACHT GROUP LLC,

    *Cross-Defendant*.
_____/

82434841;1

**INTERVENING PLAINTIFF SHM LMC, LLC, d/b/a LAUDERDALE
MARINE CENTER'S MOTION TO ENFORCE SETTLEMENT
AGREEMENT AGAINST STARBOARD YACHT GROUP, LLC**

Intervening Plaintiff SHM LMC, LLC d/b/a Lauderdale Marine Center ("SHM LMC"), pursuant to Fed. R. Civ. P. 7(b) and S.D. Fla. L.R. 7, hereby files this Motion to Enforce the Confidential Settlement Agreement and Mutual Full and Final General Release of All Claims (the "Settlement Agreement")[1] against Starboard Yacht Group, LLC ("Starboard").

1. On March 29, 2024, Plaintiff SHM LMC filed its Complaint in Intervention against Starboard, as well as Defendants M/V OCTOPUSSY (the "Vessel") and Contessa Marine Research, LLC ("Contessa") for recovery of $238,483.55, which represented the value of goods and services provided to Defendants by SHM LMC that had been wrongfully charged-back by Starboard through four credit card chargebacks. On June 19, 2024, SHM LMC filed an Amended Complaint in Intervention and Cross-Claim against the same parties.

2. On or about January 31, 2025, Starboard and SHM LMC finalized the terms of the Settlement Agreement and Starboard agreed to repay the $238,483.55 to SHM LMC, release its claims against SHM LMC, and dismiss its counter-claims against SHM LMC. Conversely, SHM LMC agreed to dismiss its claims against Starboard and to, upon receipt of payment of the settlement proceeds, release its claims against Starboard and rescind a no-trespass letter issued against Starboard and its CEO, Jake Stratmann, regarding access to the Marina.[2] The Settlement

---

[1] A copy of the Settlement Agreement will be provided to the Court for *in camera* review so as not to violate the confidentiality agreement contained therein.

[2] SHM LMC previously evicted Starboard from the Marina for non-payment in a Complaint for Eviction in the County Court in and for Broward County, Florida, Case No. COCE-24-017512 (the "Eviction Case"). In the Eviction Case, SHM LMC and Starboard filed a Joint Motion for Entry of Stipulated Final Judgment for Possession, pursuant to a settlement that the stipulated judgment would be held in abeyance and Starboard could serve out the remainder of its tenancy/lease. If Starboard did not vacate the leasehold then the judgment would be executed. Starboard vacated the Office at the end of its lease end term and thus the Judgment was moot. Thereafter, SHM LMC served Starboard and its CEO, Jake Stratmann, with a No-Trespass letter providing notice that they were no longer tenants at SHM LMC, were no longer members in good standing, and had no right to access or conduct business on the SHM LMC premises.

Agreement was signed by Mr. Stratmann in his capacity as CEO of Starboard on February 3, 2025, and countersigned by SHM LMC on February 6, 2025.

3. On February 21, 2025 Starboard requested that SHM LMC amend the Settlement Agreement by accepting a 50% down-payment, and then another 50% payment in 90 days. SHM LMC agreed to this amendment on February 22, 2025, as a concession to Starboard who was claiming liquidity issues. On February 25, 2025, SHM LMC received a wire transfer for $100,000 on behalf of Starboard. On February 27, 2025, SHM LMC received a wire transfer for $19,250 on behalf of Starboard. Upon receipt of these payments, SHM LMC temporarily lifted the no-trespass letter against Starboard, pending the final payment as agreed. These payments left a remaining balance due to SHM LMC of $119,233.55.

4. On March 7, 2025 SHM LMC filed its Notice of Settlement with Cross-Defendant/Counter-Plaintiff, Starboard Yacht Group, LLC ("SYG") and Motion to Voluntarily Dismiss SHM LMC's Claim Against Defendant, Contessa Marine Research LLC, on a Without Prejudice Basis Pursuant to Federal Rule of Civil Procedure 41(A)(2). (DE [187]). Therein SHM LMC clarified that it had received only 50% of the settlement funds and that, per the terms of the Settlement Agreement, SHM LMC's release of claims against Starboard was not effective until SHM LMC received full payment of settlement funds. *Id* at ¶¶2, 3. Furthermore, SHM LMC requested this Honorable Court "to retain jurisdiction to enforce the terms of the Settlement Agreement, including, but not limited to, SYG's settlement payment obligation." *Id* at ¶9.

5. On March 12, 2025 this Honorable Court signed its Order of Dismissal (DE [191]). The Court's Order specified that "The Court retains jurisdiction to enforce the terms of the Settlement Agreement between SYG and SHM LMC." *Id.*

6. On May 20, 2025, SHM LMC reached out to Starboard to confirm the status of the remaining payment. Counsel for Starboard indicated they would be checking with their client. On May 21, 2025, SHM LMC had still not received payment and again reached out to Starboard. Receiving no reply by the end of the day, SHM LMC was forced to reinstate the no-trespass letter against Starboard and Mr. Stratmann, pending receipt of the remaining settlement funds. Later in the evening on May 21, 205, Mr. Stratmann responded, requesting a "short grace period" to allow Starboard to obtain funding to pay the remaining settlement funds and stating "**we** [Starboard] **are not abandoning this obligation**, nor are we acting in bad faith. We remain fully committed to completing the remaining payment and resolving the matter in a manner that protects both parties' interests and restores goodwill." (emphasis in the original).

7. The following morning (May 23, 2025) SHM LMC responded, offering Starboard the opportunity to cure by making a $50,000 payment on the outstanding balance by the end of the following day and extending the remaining obligation to pay until June 30, 2025. Starboard would not agree, and did not pay.

8. Multiple conversations followed, and on May 30, 2025 SHM LMC offered Starboard and even bigger concession of paying $8,000 per week against the remaining balance of $119,233.55 until it was paid off. If Starboard agreed to this proposal and timely made the payments, SHM LMC would lift the no-trespass letter against Starboard. Starboard did not agree, and again would not pay. As of the date of this filing, Starboard has made no further payment toward the balance of the $119,233.55 owed to SHM LMC under the Settlement Agreement.

9. This Motion is being filed to enforce the Settlement Agreement. As of May 22, 2025, Starboard has been in violation of the Settlement Agreement and refuses to pay the remaining balance due of $119,233.55.

10. SHM LMC has been damaged by Starboard's failure to timely pay the settlement funds as agreed to, and was forced to retain the services of the undersigned to pursue this Motion to Enforce the Settlement Agreement against Starboard.

## ARGUMENT AND AUTHORITY

11. This Honorable Court has jurisdiction to enforce the Settlement Agreement. Where a federal court retains jurisdiction to enforce the terms of a settlement agreement, the Court has jurisdiction to enter an order of enforcement. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994) (noting "if the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so.").

12. Here, this Honorable Court was timely requested to retain jurisdiction, and it did so by the terms of its Order of Dismissal (DE [191]): "The Court retains jurisdiction to enforce the terms of the Settlement Agreement between SYG and SHM LMC." *See Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002); *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012). Thus, Starboard's breach of the Settlement Agreement is the equivalent of a violation of the Court's Order – because this Court specifically retained jurisdiction to enforce. *Kokkonen*, 511 U.S. at 381; *Chmielarz*, 289 F.3d at 1320.

13. A motion to enforce a settlement agreement essentially is an action to specifically enforce a contract. *Adams v. John-Manville Corp.,* 876 F.2d 702, 709 (9th Cir. 1989); *see also Blum v. Morgan Guaranty Trust Co. of New York*, 709 F.2d 1463, 1467 (11th Cir. 1983). The Settlement Agreement is an unambiguous contract, and the construction and enforcement thereof by the Court are governed by the principles of general contract law. *Waters v. International Precious Metal Corp.,* 237 F.3d 1273, 1277 (11th Cir. 2001); *Schwartz v. Florida Board of Regents*, 807 F.2d 901, 905 (11th Cir .1987); *Wong v. Bailey,* 752 F.2d 691 (11th Cir. 1985); *Blum*,

709 F.2d at 1467.  Construction of a settlement agreement is a question of law for the court. *Eaton v. Courtaulds of North America, Inc.,* 578 F.2d 87, 90-91 (5th Cir. 1978). Principles governing general contract law apply to interpret settlement agreements. *Resnick v. Uccello Immobilien GMBH, Inc.,* 277 F.3d 1347, 1350 (11th Cir. 2000).

14. Because the enforcement of settlement agreements is governed by general contract law, "Florida courts uniformly require that the proponent demonstrate the existence of a valid agreement by a preponderance of the evidence, which is the standard of proof applied in other contract cases." *Id.* In order to determine if a final settlement has been reached, this Court uses an objective test to determine whether a contract is enforceable.[3] And, in that vein, the terms of the settlement agreement itself provide best evidence of the parties' intent. *Key* v. *Allstate Ins. Co.,* 90 F.3d 1546, 1549 (11th Cir. 1996). Moreover, the terms of the settlement agreement "are to be given their plain and ordinary meaning, and it is not for the court to add or subtract any language from the face of a clearly worded agreement." *Schwartz,* 807 F.2d at 905 (*also noting,* "Nor is the court to add to a settlement terms that were not contemplated by the parties").

15. Here, SHM LMC and Starboard negotiated very specific terms over the course of days to complete the Settlement Agreement.  Thereafter, due to Starboard's continued difficulty in locating funds, SHM LMC agreed to Starboard's requests for multiple payments of the settlement funds.  Moreover, within these conversations and negotiations, Starboard affirmatively repeated its understanding that it was obligated to pay the remaining settlement funds; "**we are not abandoning this obligation**, nor are we acting in bad faith. We remain fully committed to

---

[3] *Id.* at 501: *Reed By and Through Reed v. U.S.,* 717 F.Supp. 1511,1515 (S.D. Fla. 1988). Specifically, the making of a contract depends not on the agreement of two minds in one intention but "on the agreement of two sets of external signs - not on the parties having meant the same thing but on their having said the same thing." *Samra,* 355 F.Supp. 2d at 501. Thus, a showing of mutual assent on this objective standard is "necessary with respect to the essential terms of the contract" *Id.* at 501; *Spiegel* v. *H. Allen Holmes, Inc.,* 834 So.2d 295, 297 (Fla. App. 2002)("uncertainty as to an agreement as to nonessential or small items will not preclude a finding of an enforceable settlement.")).

completing the remaining payment and resolving the matter in a manner that protects both parties' interests and restores goodwill." Despite those statements, Starboard still did not pay.

16. Courts generally favor settlement agreements and will enforce whenever possible, since it is in the best interest of the forums and the parties that there be an end to litigation. *Samra*, at 500.

17. Based on the negotiated and fully executed Settlement Agreement, as amended by the parties and per the terms of the Court's Order of Dismissal retaining jurisdiction to enforce the terms of the settlement between SHM LMC and Starboard, the Court should grant this Motion. SHM LMC has established that the parties mutually assented to the terms of the Settlement Agreement and the Court properly retained jurisdiction to enforce this agreement.

WHEREFORE, Intervening Plaintiff SHM LMC, respectfully requests this Court enter an Order:

    a. Declaring Starboard Yacht Group, LLC is in violation of the Confidential Settlement Agreement and Mutual Full and Final General Release of All Claims;

    b. Requiring Starboard Yacht Group, LLC to pay the remaining balance of the settlement funds totaling $119,233.55;

    c. Requiring Starboard Yacht Group, LLC to pay Plaintiff's reasonable attorneys' fee, costs and other expenses incurred and as a result of filing this Motion to enforce Settlement Agreement; and,

    d. For such other relief this Court deems just and proper.

DATED: July 25th, 2025

Respectfully submitted,

By: */s/ Farris J. Martin III*
    FARRIS J. MARTIN, III
    Florida Bar No. 879916
    JAMES W. STROUP
    Florida Bar No. 842117
    STROUP & MARTIN, P.A.
    119 Southeast 12th Street
    Fort Lauderdale, Florida 33316
    Telephone: (954) 462-8808
    E-mail: fmartin@strouplaw.com
    E-mail: jstroup@strouplaw.com

    JAMES E. ROGERS
    Texas Bar No. 24051265
    james.rogers@akerman.com
    Sean M. Cichowski
    Texas Bar No. 24062188
    *Admitted Pro Hac Vice*
    sean.cichowski@akerman.com
    AKERMAN LLP
    1300 Post Oak Blvd. Suite 2300
    Houston, TX 77056
    (713) 623-0887

***Attorneys for Intervening Plaintiff, SHM LMC, LLC d/b/a Lauderdale Marine Center***

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with this Court's CM/ECF docketing system this 25th day of July, 2025 and is being served via CM/ECF to counsel on the Service List shown below.

By: */s/ Farris J. Martin III*
    FARRIS J. MARTIN, III
    Florida Bar No. 879916

**SERVICE LIST**

Matthew J. Valcourt, Esq.
Valcourt and Associates LLC
850 NE Third Street, Suite 208
Dania, FL.  33004
Tel: (305) 763-2891
Email: mvalcourt@valcourtlaw.com
Counsel for Plaintiff/Cross-Defendant,
Starboard Yacht Group, LLC

Michael T. Moore, Esq.
Caycie Flitman, Esq.
Moore & Company, P.A.
255 Aragon Avenue, 3rd Floor
Coral Gables, FL  33134
Email: michael@moore-and-co.com
Email: cflitman@moore-and-co.com
Counsel for Defendants, M/V Octopussy, *in rem*
and Contessa Marine Research, LLC