**LIMITED LIABILITY COMPANY AGREEMENT**

**OF**

**CONTESSA MARINE RESEARCH LLC**

This Limited Liability Company Agreement (the "Agreement") of **CONTESSA MARINE RESEARCH LLC** is entered into as of the 8th day of June, 2021 by **ANTHONY D. IVANKOVICH**, the sole member of the limited liability company (the "Member").

1. Name. The name of the limited liability company is **CONTESSA MARINE RESEARCH LLC** (the "Company").

2. Purpose. The Company is formed for the object and purpose of, and the nature of the business to be conducted and promoted by the Company is, engaging in any lawful act or activity for which limited liability companies may be formed under the Delaware Limited Liability Company Law (the "Law") and engaging in any and all activities necessary or incidental to the foregoing.

3. Registered Office. The address of the registered office of the Company in the State of Delaware is 3411 Silverside Road, Tatnall Building #104, Wilmington, DE 19810.

4. Registered Agent. The name and address of the registered agent of the Company for service of process on the Company in the State of Delaware is Corporate Creations Network Inc., 3411 Silverside Road, Tatnall Building #104, Wilmington, DE 19810. The Member may, any time and from time to time, change the registered agent as it may, from time to time, determine.

5. Principal Place of Business. The principal place of business of the Company is 791 Crandon Blvd., Ocean Tower 2, PH6, Key Biscayne, FL 33149. The Company may change such place of business or establish any other place of business, as the Member may deem advisable.

6. Member. The name and business address of the Member is set forth on Schedule A attached.

7. Powers. The business and affairs of the Company shall be managed by the Member. The Member shall have the power and authority to do any and all acts necessary or convenient to or for the furtherance of the purposes described herein, including all powers and authorities, statutory or otherwise, possessed by members of limited liability companies under the laws of the State of Delaware. In connection with the foregoing, the Member is hereby authorized and empowered to act through the officers and employees of the Company, if any, and any other persons designated by the Member to carry out any and all of the powers and authorities that the Member possesses under this Agreement. Without limiting the generality of the foregoing, the Company may:

a. acquire, hold and dispose of interests (whether by the making of investments or otherwise and on such terms and conditions as the Member may determine) in real

estate or other entities, including as a partner of a partnership, a member of a limited liability company and a stockholder of a corporation;

b. lend money (on such terms and conditions as the Member may determine) in connection with the business.

c. borrow and re-lend money (on such terms and conditions as the Member may determine) in connection with the business;

d. all powers and privileges granted by the Act, any other law or any provision of this Agreement;

e. all powers and privileges incidental to such powers and privileges, including, without limitation, such power and privileges as are necessary or convenient to the conduct, promotion or attainment of the business, purposes or activities of the Company; and

f. without limiting the powers and privileges enumerated in clause (d) or (e) above, all powers and privileges that the Company would have if the Company were a natural person.

8. No Management by Other Persons or Entities. Except and only to the extent expressly delegated by the Member, no person or entity other than the Member shall be an agent of the Company or have any right, power or authority to transact any business in the name of the Company or to act for or on behalf of or to bind the Company.

9. Officers. The Member may, from time to time, designate one or more persons to be an officer of the Company, who shall have such titles and exercise and perform such powers and duties as shall be assigned to them from time to time by the Member. Any officer may be removed by the Member at any time, with or without cause. Each officer shall hold office until his or her successor shall be duly designated and shall qualify or until the earlier of the officer's death, resignation or removal. Any number of offices may be held by the same person. Steven Ivankovich is hereby appointed as President, Secretary and Treasurer.

10. Reliance by Third Parties. Any person or entity dealing with the Company or the Member may rely upon a certificate signed by the Member or Officer as to:

a. the identity of the Member or Officer

b. the existence or non-existence of any fact or facts which constitute a condition precedent to acts by the Member or Officer or are in any other manner germane to the affairs of the Company;

c. the persons who or entities which are authorized to execute and deliver any instrument or document of or on behalf of the Company; or

d. any act or failure to act by the Company or as to any other matter whatsoever involving the Company or the Member.

11. Foreign Qualification. The Company may qualify to transact business as a foreign limited liability company in any jurisdiction the member of the Company determines is necessary or appropriate to carry out the business activities of the Company and shall deliver all certificates and other instruments that are necessary to qualify, continue or terminate the Company as a foreign limited liability company in all such jurisdictions in which the Company may conduct business activities.

12. Dissolution. The Company shall dissolve, and its affairs shall be wound up upon the first to occur of the following: (a) the written consent of the Member, (b) the bankruptcy, death, dissolution, expulsion, incapacity or withdrawal of the Member or the occurrence of any other event which terminates the continued membership of the Member in the Company, other than by a permitted assignment of membership interest, or (c) the entry of a decree of judicial dissolution under the Law.

13. Winding Up. Upon the dissolution and winding up of the Company, the assets shall be distributed as provided for in Section 18-804 of the Law and upon completion of the distribution of Company assets, the Company shall be terminated and the person acting as liquidator shall cause the cancellation of the Certificate of Formation and shall take such other actions as may be necessary or appropriate to terminate the Company.

14. Capital Contribution. The Member has contributed cash in the amount set forth on Schedule A attached.

15. Allocation of Profits and Losses. The Company's profits and losses shall be allocated to the Member.

16. Distributions. Distributions shall be made to the Member at the times and in the aggregate amounts determined by the Member.

17. Assignments. The Member may assign in whole or in part its limited liability company interest.

18. Admission of Additional Members. One or more additional members of the Company may be admitted to the Company with the consent of the Member. Prior to the admission of any such additional member(s) of the Company, the Member shall amend this Agreement to make such changes as the Member shall determine to reflect the fact that the Company shall have more than one member.

19. Liability of Member. The Member shall not have any liability for the obligations or liabilities of the Company except to the extent provided in the Law.

20. Governing Law. This Agreement shall be governed by, and construed under, the laws of the State of Delaware, without regard to the rules of conflict of laws thereof.

IN WITNESS WHEREOF, the undersigned has duly executed this Limited Liability Company Agreement as of the day and year first aforesaid.

**SOLE MEMBER:**

Anthony Ivankovich

# SCHEDULE A

Initial Capital Contribution of
**CONTESSA MARINE RESEARCH LLC**

| Member Name and Address | Capital Contribution | Membership Interest |
|---|---|---|
| 791 Crandon Blvd.<br>Ocean Tower 2, PH6<br>Key Biscayne, FL 33149 | $100 | 100% |