IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. 0:23-CV-61696-AHS

STARBOARD YACHT GROUP LLC,

    *Plaintiff*

vs.

M/V OCTOPUSSY, a 1988 Heesen built 143-ft. motor yacht,
Registry No. JMP15060 her engines, tackle, boats, gear,
Seakeepers, appurtenances, etc. *in rem*, and
CONTESSA MARINE RESEARCH LLC, *in personam*

    *Defendants*
_____/

SHM LMC, LLC, d/b/a Lauderdale Marine Center,

    *Intervening Plaintiff*

vs.

M/V OCTOPUSSY, a 1988 Heesen built 143-ft. motor yacht, Jamaica
Registry No. JMP15060 her engines, tackle, boats, gear, Seakeepers,
appurtenances, etc. *in rem*, $400,000 held as security in escrow
for the release of the M/V OCTOPUSSY, *in rem*, and CONTESSA
MARINE RESEARCH LLC,

    *Defendants*
_____/

SHM LMC, LLC, d/b/a Lauderdale Marine Center,

    *Cross-Plaintiff*

vs.

STARBOARD YACHT GROUP LLC,

    *Cross-Defendant.*
_____/

82434841;2

**INTERVENING PLAINTIFF SHM LMC, LLC, d/b/a LAUDERDALE MARINE CENTER'S RENEWED MOTION TO ENFORCE SETTLEMENT AGREEMENT AGAINST STARBOARD YACHT GROUP, LLC**

Intervening Plaintiff SHM LMC, LLC d/b/a Lauderdale Marine Center ("SHM LMC"), pursuant to Fed. R. Civ. P. 7(b) and S.D. Fla. L.R. 7, hereby files this Renewed Motion to Enforce the Confidential Settlement Agreement and Mutual Full and Final General Release of All Claims (the "Settlement Agreement")[1] against Starboard Yacht Group, LLC ("SYG").

## OVERVIEW

SHM LMC made multiple efforts to get SYG to pay the remaining $119,233.55 settlement amount, including alternative proposed payment plans, to no avail. As recently as August 20, 2025, SYG advised SHM LMC that it does not have the funds to fulfill its settlement obligation. When asked to confer one last time on September 4, 2025, Contessa and SYG state they have "no position" on this Motion.[2] Since the Settlement Agreement contains confidential terms, a copy of the Agreement and emails exchanged between SHM LMC's counsel and SYG's counsel regarding SHM LMC's demands for payment will be provided to the Court by email for in-camera review. SHM LMC requests the Court to enter an Order compelling SYG to pay SHM LMC the $119,233.55 settlement balance within 30 days. If SYG fails to pay the balance within that time, SHM LMC moves the Court to award it a final judgment against SYG in the amount of $119,233.55 so that SHM LMC can collect the amount due under the Settlement Agreement.

---

[1] A copy of the Settlement Agreement will be provided to the Court for *in camera* review so as not to violate the confidentiality agreement contained therein.

[2] Emails from SYG's counsel and Contessa's counsel are attached as Exhibit 1.

2

**FACTUAL BACKGROUND**

On March 29, 2024, SHM LMC filed its Complaint in Intervention against SYG, as well as Defendants M/V OCTOPUSSY (the "Vessel") and Contessa Marine Research, LLC ("Contessa") for recovery of $238,483.55, which represented the value of goods and services provided to Defendants by SHM LMC that had been wrongfully charged-back by SYG through four credit card chargebacks. On June 19, 2024, SHM LMC filed an Amended Complaint in Intervention and Cross-Claim against the same parties.

On or about January 31, 2025, SYG and SHM LMC finalized the terms of the Settlement Agreement. SYG agreed to repay the $238,483.55 to SHM LMC, release its claims against SHM LMC, and dismiss its counter-claims against SHM LMC. Conversely, SHM LMC agreed to dismiss its claims against SYG and to, upon receipt of payment of the settlement proceeds, release its claims against SYG and rescind a no-trespass letter issued against SYG and its CEO, Jake Stratmann, regarding access to SHM LMC's facility.[3] The Settlement Agreement was signed by Mr. Stratmann in his capacity as CEO of SYG on February 3, 2025, and countersigned by SHM LMC on February 6, 2025. A copy of the Settlement Agreement will be sent to the Court by email for in-camera review.

On February 21, 2025 SYG requested that SHM LMC amend the Settlement Agreement by accepting a 50% down-payment, and then another 50% payment in 90 days. SHM LMC agreed to this amendment on February 22, 2025, as a concession to Starboard who was claiming liquidity

---

[3] SHM LMC previously evicted Starboard from the Marina for non-payment in a Complaint for Eviction in the County Court in and for Broward County, Florida, Case No. COCE-24-017512 (the "Eviction Case"). In the Eviction Case, SHM LMC and Starboard filed a Joint Motion for Entry of Stipulated Final Judgment for Possession, pursuant to a settlement that the stipulated judgment would be held in abeyance and Starboard could serve out the remainder of its tenancy/lease. If Starboard did not vacate the leasehold then the judgment would be executed. Starboard vacated the Office at the end of its lease end term and thus the Judgment was moot. Thereafter, SHM LMC served Starboard and its CEO, Jake Stratmann, with a No-Trespass letter providing notice that they were no longer tenants at SHM LMC, were no longer members in good standing, and had no right to access or conduct business on the SHM LMC premises.

issues. On February 25, 2025, SHM LMC received a wire transfer for $100,000 on behalf of SYG. On February 27, 2025, SHM LMC received a wire transfer for $19,250 on behalf of SYG. Upon receipt of these payments, SHM LMC temporarily lifted the no-trespass letter against SYG, pending the final payment as agreed. These payments left a remaining balance due to SHM LMC of $119,233.55. A copy of the emails exchanged between counsel for SHM LMC and SYG will be provided to the Court by email for in-camera review.

On March 7, 2025 SHM LMC filed its Notice of Settlement with SYG and Motion to Voluntarily Dismiss SHM LMC's Claim Against Defendant, Contessa Marine Research LLC, on a Without Prejudice Basis Pursuant to Federal Rule of Civil Procedure 41(A)(2). (DE [187]). Therein SHM LMC clarified that it had received only 50% of the settlement funds and that, per the terms of the Settlement Agreement, SHM LMC's release of claims against SYG was not effective until SHM LMC received full payment of settlement funds. *Id* at ¶¶2, 3. Furthermore, SHM LMC requested this Honorable Court "to retain jurisdiction to enforce the terms of the Settlement Agreement, including, but not limited to, SYG's settlement payment obligation." *Id* at ¶9.

On March 12, 2025 this Honorable Court signed its Order of Dismissal (DE [191]). The Court's Order specified that: "The Court retains jurisdiction to enforce the terms of the Settlement Agreement between SYG and SHM LMC." *Id.*

On May 20, 2025, SHM LMC reached out to SYG to confirm the status of the remaining payment. Counsel for SYG indicated they would be checking with their client. On May 21, 2025, SHM LMC had still not received payment and again reached out to SYG. Receiving no reply by the end of the day, SHM LMC was forced to reinstate the no-trespass letter against SYG and Mr. Stratmann, pending receipt of the remaining settlement funds. Later in the evening on May 21,

205, Mr. Stratmann responded, requesting a "short grace period" to allow SYG to obtain funding to pay the remaining settlement funds and stating "**we** [SYG] **are not abandoning this obligation**, nor are we acting in bad faith.  We remain fully committed to completing the remaining payment and resolving the matter in a manner that protects both parties' interests and restores goodwill." (emphasis in the original).  A copy of this email exchange is included with the emails being submitted to the Court for in-camera review.

The following morning (May 23, 2025) SHM LMC responded, offering Starboard the opportunity to cure by making a $50,000 payment on the outstanding balance by the end of the following day and extending the remaining obligation to pay until June 30, 2025.  Starboard would not agree, and did not pay.

Multiple conversations followed, and on May 30, 2025 SHM LMC offered Starboard and even bigger concession of paying $8,000 per week against the remaining balance of $119,233.55 until it was paid off.  If Starboard agreed to this proposal and timely made the payments, SHM LMC would lift the no-trespass letter against Starboard.  Starboard did not agree, and again would not pay. As of the date of this filing, Starboard has made no further payment toward the balance of the $119,233.55 owed to SHM LMC under the Settlement Agreement.

On August 20, 2025, SHM LMC's counsel communicated with SYG's counsel about whether SYG would pay the balance owed.  SYG responded it did not have the funds to fulfill the Settlement Agreement.  SHM LMC has been damaged by SYG's failure to timely pay the settlement funds as agreed and was forced to retain the services of the undersigned to pursue this Motion to Enforce the Settlement Agreement against SYG.

## ARGUMENT AND AUTHORITY

This Honorable Court has jurisdiction to enforce the Settlement Agreement. Where a federal court retains jurisdiction to enforce the terms of a settlement agreement, the Court has jurisdiction to enter an order of enforcement. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994) (noting "if the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so.").

Here, this Honorable Court was timely requested to retain jurisdiction, and it did so by the terms of its Order of Dismissal (DE [191]): "The Court retains jurisdiction to enforce the terms of the Settlement Agreement between SYG and SHM LMC." *See Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002); *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012). Thus, Starboard's breach of the Settlement Agreement is the equivalent of a violation of the Court's Order – because this Court specifically retained jurisdiction to enforce. *Kokkonen*, 511 U.S. at 381; *Chmielarz*, 289 F.3d at 1320.

A motion to enforce a settlement agreement essentially is an action to specifically enforce a contract. *Adams v. John-Manville Corp.,* 876 F.2d 702, 709 (9th Cir. 1989); *see also Blum v. Morgan Guaranty Trust Co. of New York*, 709 F.2d 1463, 1467 (11th Cir. 1983). The Settlement Agreement is an unambiguous contract, and the construction and enforcement thereof by the Court are governed by the principles of general contract law. *Waters v. International Precious Metal Corp.,* 237 F.3d 1273, 1277 (11th Cir. 2001); *Schwartz v. Florida Board of Regents*, 807 F.2d 901, 905 (11th Cir .1987); *Wong v. Bailey,* 752 F.2d 691 (11th Cir. 1985); *Blum*, 709 F.2d at 1467. Construction of a settlement agreement is a question of law for the court. *Eaton v. Courtaulds of North America, Inc.,* 578 F.2d 87, 90-91 (5th Cir. 1978). Principles governing general contract law

apply to interpret settlement agreements. *Resnick v. Uccello Immobilien GMBH, Inc.,* 277 F.3d 1347, 1350 (11th Cir. 2000).

Because the enforcement of settlement agreements is governed by general contract law, "Florida courts uniformly require that the proponent demonstrate the existence of a valid agreement by a preponderance of the evidence, which is the standard of proof applied in other contract cases." *Id.* In order to determine if a final settlement has been reached, this Court uses an objective test to determine whether a contract is enforceable.[4] And, in that vein, the terms of the settlement agreement itself provide best evidence of the parties' intent. *Key* v. *Allstate Ins. Co.,* 90 F.3d 1546, 1549 (11th Cir. 1996). Moreover, the terms of the settlement agreement "are to be given their plain and ordinary meaning, and it is not for the court to add or subtract any language from the face of a clearly worded agreement." *Schwartz,* 807 F.2d at 905 (*also noting,* "Nor is the court to add to a settlement terms that were not contemplated by the parties").

Here, SHM LMC and SYG negotiated very specific terms over the course of days to complete the Settlement Agreement. Thereafter, due to SYG's continued difficulty in locating funds, SHM LMC agreed to SYG's requests for multiple payments of the settlement funds. Moreover, within these conversations and negotiations, SYG affirmatively repeated its understanding that it was obligated to pay the remaining settlement funds: "we are not abandoning this obligation, nor are we acting in bad faith. We remain fully committed to completing the remaining payment and resolving the matter in a manner that protects both parties' interests and

---

[4] *Id.* at 501: *Reed By and Through Reed v. U.S.,* 717 F.Supp. 1511,1515 (S.D. Fla. 1988). Specifically, the making of a contract depends not on the agreement of two minds in one intention but "on the agreement of two sets of external signs - not on the parties having meant the same thing but on their having said the same thing." *Samra,* 355 F.Supp. 2d at 501. Thus, a showing of mutual assent on this objective standard is "necessary with respect to the essential terms of the contract" *Id.* at 501; *Spiegel* v. *H. Allen Holmes, Inc.,* 834 So.2d 295, 297 (Fla. App. 2002)("uncertainty as to an agreement as to nonessential or small items will not preclude a finding of an enforceable settlement.")).

restores goodwill." See the emails submitted to the Court for in-camera review. Despite those statements, SYG still did not pay.

Courts generally favor settlement agreements and will enforce whenever possible, since it is in the best interest of the forums and the parties that there be an end to litigation. *Samra*, at 500.

Based on the negotiated and fully executed Settlement Agreement, as amended by the parties and per the terms of the Court's Order of Dismissal retaining jurisdiction to enforce the settlement between SHM LMC and SYG, the Court should grant this Motion. SHM LMC has established that the parties mutually assented to the terms of the Settlement Agreement and the Court properly retained jurisdiction to enforce this agreement.

**Certificate of Good Faith Conferral**: SHM LMC's counsel discussed the relief sought in this motion with SYG's counsel. On August 20, 2025, SYG's counsel sent an email attached hereto as Exhibit "1" stating SYG cannot pay the final installment of the settlement to SHM LMC. On September 4, 2025, Contessa's and SYG's counsel advised they have no position regarding his motion. See Exhibit "1".

## CONCLUSION

**WHEREFORE**, Intervening Plaintiff, SHM LMC, LLC d/b/a Lauderdale Marine Center, requests this Court to enter an Order:

a. Declaring Starboard Yacht Group, LLC has breached the Confidential Settlement Agreement and Mutual Full and Final General Release of All Claims;

b. Requiring Starboard Yacht Group, LLC to pay SHM LMC the remaining $119,233.55 settlement amount within 30 days;

  c. Provide that if Starboard Yacht Group, LLC fails to pay SHM LMC the $119,233.55 balance within 30 days the Court will enter a Final Judgment awarding SHM LMC the sum of $119,233.55 against Starboard Yacht Group, LLC;

  d. Provide that SHM LMC may file a motion to recover reasonable attorneys' fees pursuant to ¶ 18 of the Settlement Agreement and Local Rule 7.3; and,

  e. Provide such other relief this Court deems just and proper.

  DATED:  September 5, 2025

               Respectfully submitted,

              By:*/s/ Farris J. Martin III*
                FARRIS J. MARTIN, III
                Florida Bar No. 879916
                JAMES W. STROUP
                Florida Bar No. 842117
                STROUP & MARTIN, P.A.
                119 Southeast 12th Street
                Fort Lauderdale, Florida  33316
                Telephone:  (954) 462-8808
                E-mail:  fmartin@strouplaw.com
                E-mail:  jstroup@strouplaw.com

                JAMES E. ROGERS
                Texas Bar No. 24051265
                james.rogers@akerman.com
                Sean M. Cichowski
                Texas Bar No. 24062188
                *Admitted Pro Hac Vice*
                sean.cichowski@akerman.com
                AKERMAN LLP
                1300 Post Oak Blvd. Suite 2300
                Houston, TX 77056
                (713) 623-0887

             ***Attorneys for Intervening Plaintiff, SHM LMC, LLC d/b/a Lauderdale Marine Center***

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with this Court's CM/ECF docketing system this 5th day of September, 2025 and is being served via CM/ECF to counsel on the Service List shown below.

By: */s/ Farris J. Martin III*
FARRIS J. MARTIN, III
Florida Bar No. 879916

**SERVICE LIST**

Phillip Hutchison, Esq.
HUTCHINSON LEGAL PLLC
8461 Lake Worth Road, Suite 491
Lake Worth, FL 33467-2474
Email: phillip@hutchlawfirm.com

Michael T. Moore, Esq.
Caycie Flitman, Esq.
Moore & Company, P.A.
255 Aragon Avenue, 3rd Floor
Coral Gables, FL  33134
Email: michael@moore-and-co.com
Email: cflitman@moore-and-co.com
Counsel for Defendants, M/V Octopussy, *in rem* and Contessa Marine Research, LLC