UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:23-cv-61696-AHS

STARBOARD YACHT GROUP, LLC,
    Plaintiff/Counter-Defendant,
                    v.

M/V OCTOPUSSY, her engines, tackle,
apparel, and furniture, in rem, et al.,
    Defendants/Counter-Plaintiffs.
_____/

FILED BY ___ D.C.
FEB 10 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## COUNTER-DEFENDANT CHARLES JACOB STRATMANN'S MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST STARBOARD YACHT GROUP LLC PURSUANT TO FED. R. CIV. P. 55(c)

### INTRODUCTION

Counter-Defendant Charles Jacob Stratmann, appearing pro se, respectfully moves this Court to set aside the entry of default against Starboard Yacht Group LLC ("SYG") pursuant to Fed. R. Civ. P. 55(c). As SYG's sole managing member and individual counter-defendant whose defensive pleadings survive this Court's January 13, 2026 Order (DE 266 at 7–8), Stratmann's interests are inextricably linked to the default entered against SYG.

    The Eleventh Circuit maintains a "strong policy of determining cases on their merits" and applies a "liberal" standard for setting aside entries of default. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d

948, 951 (11th Cir. 1996). As set forth below, good cause exists because SYG's default resulted from inability to obtain counsel—not willful disregard—SYG presents meritorious defenses this Court has already identified, and Contessa suffers no prejudice from adjudication on the merits.

Stratmann files this motion promptly after the February 5, 2026 Final Pretrial Conference (DE 283) clarified the scope of the default's impact on SYG's ability to participate in the bench trial.

## I. SYG'S DEFAULT WAS NOT WILLFUL OR CULPABLE

Under *Compania Interamericana*, "good cause" is a "mutable standard, varying from situation to situation." 88 F.3d at 951. The entry-of-default standard is "less rigorous" than the excusable-neglect standard for default judgments. *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Violations "caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1373 (11th Cir. 1997).

SYG's default resulted solely from its inability to appear through counsel in federal court:

- SYG's then-counsel, SALG, withdrew on March 7, 2025 (DE 193).

- SYG's second counsel, Phillip Hutchinson, filed his Motion to Withdraw on September 30, 2025 (DE 242).

- This Court denied SYG's Motion for Referral to Volunteer Attorney Program on January 29, 2026 (DE 279).

- An LLC cannot appear pro se in federal court. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

Despite this procedural impossibility, Stratmann individually took every available step to advance SYG's interests: he produced 14,686 files on November 18–19, 2025 (before the Show Cause Order at DE 253); Bates-stamped 20,232 documents (SYG-000001 through SYG-015191, plus supplemental series SYG-100001 through SYG-104685); expended over $100,000 in discovery compliance (DE 233 Tr. at 26); appeared at the Final Pretrial Conference on February 5, 2026 (DE 283); and filed an emergency response at DE 270. This is not culpable conduct—it is documented good faith in the face of a structural legal barrier.

Notably, SYG paid the $10,000 in sanctions imposed by DE 161 in full and on time on January 17, 2025 (Transaction Reference No. 2025011700414494). Timely payment of court-ordered sanctions is among the strongest indicators of good-faith compliance with this Court's orders.

## II. SYG PRESENTS MERITORIOUS DEFENSES

The meritorious-defense requirement demands only a "hint of a suggestion" that the defense may have merit. *Compania Interamericana*, 88 F.3d at 951. Here, this Court itself has identified the deficiency in Contessa's damages claim:

> *"How Contessa reached this amount [$3,027,994.72] is unclear from Count I."* DE 266 at n.5.

SYG's meritorious defenses include:

**First**, SYG's CFO Brian Kenny prepared a 151-page forensic accounting (ECF 230-1) reconciling every dollar of the $4,504,641.18 received from Contessa. This accounting identifies specific repair orders, vendor invoices, employee labor charges, and bank records for each expenditure.

**Second**, Contessa's own Pretrial Stipulation (DE 269, filed January 23, 2026) lists over 15,000 SYG Bates-numbered documents as trial exhibits—authenticating SYG's production and acknowledging receipt of the very documents Contessa elsewhere claims were never produced.

**Third**, SYG maintains affirmative claims for $5,390,332 in unpaid work performed on M/V Octopussy, supported by 85+ repair orders, vendor invoices, and contemporaneous project records produced in discovery.

## III. CONTESSA SUFFERS NO PREJUDICE

Setting aside the default does not prejudice Contessa. Trial is set for February 23, 2026. All discovery has been produced and Bates-stamped. SYG's documents are in Contessa's possession—as confirmed by DE 269. Contessa also has independent access to the financial data at issue through its project manager Aaron Leatherwood's records, its accountant Betty Martin of Zomma Group, and 903 pages

of Bank of America records obtained by subpoena. See Stratmann Decl. ¶¶ 30–35. The only consequence of granting this motion is that the case proceeds to resolution on its merits, which is precisely the outcome the Eleventh Circuit favors. See *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984) ("[W]here a party has been timely though combative, the defaulting party acts promptly to set aside the default, and the other party is not prejudiced by the granting of the motion, then good cause has been shown.").

Moreover, Contessa cannot claim prejudice from losing a default that was entered as a result of SYG's structural inability to retain counsel. "[T]he entry of a default judgment is seen as an extreme sanction, not favored by the courts." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005) (requiring specific finding that lesser sanctions would not suffice before imposing terminating sanctions in admiralty case).

## IV. RELIEF REQUESTED

For the foregoing reasons, Counter-Defendant Stratmann respectfully requests that this Court:

1. Set aside the entry of default against Starboard Yacht Group LLC entered in DE 266;

2. Permit SYG to participate in the bench trial scheduled for February 23, 2026;

3. In the alternative, if this Court determines that SYG cannot participate in the February 23 trial without counsel, grant a limited continuance of thirty (30) days for SYG to obtain counsel, with status reports to the Court every fourteen (14) days. Stratmann will not seek further extensions on this basis if SYG is unable to obtain counsel within the period set by this Court; and

4. Grant such other relief as this Court deems just and proper.

Stratmann acknowledges the structural tension presented by this motion: SYG's default resulted from its inability to appear without counsel, yet this motion asks the Court to restore SYG's ability to participate. Stratmann respectfully submits that this tension supports, rather than defeats, the motion. The alternative—allowing a default to stand permanently because the defaulting party cannot retain counsel to challenge it—would convert a procedural barrier into an irrebuttable sanction, contrary to the Eleventh Circuit's strong preference for merits adjudication. The alternative relief requested above provides a practical path: a limited window to obtain counsel, with a defined endpoint that prevents delay.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that he conferred with opposing counsel by email on January 30, 2026, and again on February 10, 2026,

regarding the matters at issue in this case. Opposing counsel did not respond or indicate consent to the relief requested herein.

Dated: February 10, 2026

Respectfully submitted,

_____
**CHARLES JACOB STRATMANN**
Counter-Defendant, Pro Se
Managing Member, Starboard Yacht Group LLC
545 NE 17th Ave
Fort Lauderdale, FL 33301
Email: (954) 873-8546
Email: jake@starboardyacht.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 10, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all counsel of record.

_____
Charles Jacob Stratmann, Pro Se