UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:23-cv-61696-AHS

STARBOARD YACHT GROUP, LLC,
   Plaintiff/Counter-Defendant,
                   v.

M/V OCTOPUSSY, her engines, tackle,
apparel, and furniture, in rem, et al.,
   Defendants/Counter-Plaintiffs.

_____/



FILED BY _____ D.C.
FEB 10 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**DECLARATION OF CHARLES JACOB STRATMANN
IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT**

I, Charles Jacob Stratmann, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

### A. Identity, Standing, and Personal Exposure

1. I am a counter-defendant in the above-captioned action. I am over 18 years of age and competent to testify to the matters stated herein based on my personal knowledge.

2. I am the sole managing member and only member of Starboard Yacht Group LLC ("SYG"), a Florida limited liability company engaged in marine refit services and marine equipment distribution. SYG is a single-member LLC.

3. I have personally guaranteed in excess of $7 million in business obligations incurred by SYG in connection with its operations, including the vessel refit

work at issue in this case. Adverse rulings entered against SYG directly and immediately expose me to personal financial liability on those guarantees.

4. Following the events giving rise to this litigation, those guaranteed obligations entered default, triggering cascading creditor actions against me personally, including merchant cash advance defaults, vendor collection actions, and asset recovery proceedings.

5. The entry of default against SYG materially prejudices my individual defense in this action because Contessa will seek to use the default to establish liability, damages, and intent against me personally through issue preclusion and collateral estoppel—despite my continued participation as an individual party whose defensive pleadings remain on file (DE 266 at 7–8). The default entered against SYG thus operates as a de facto case-dispositive sanction against me individually.

### B. Counsel Withdrawal and Inability to Obtain Representation

6. SYG was initially represented in this action by Valcourt and Associates (Matthew Valcourt), followed by SALG, LLC ("SALG"), with attorney Lydia Zbrzeznj as lead counsel. SYG cooperated fully with counsel throughout the representation.

7. On March 7, 2025, this Court granted SALG's Motion to Withdraw as Counsel (DE 193). A copy of DE 193 is attached hereto as **Exhibit A**.

8. Following SALG's withdrawal, I retained attorney Phillip Hutchinson to represent SYG. Mr. Hutchinson entered an appearance and signed discovery responses on SYG's behalf, including a production served on July 3, 2025. By that date, SYG had already expended over $100,000 in discovery compliance costs in this case.

9. On September 30, 2025, Mr. Hutchinson filed his Motion to Withdraw as Counsel (DE 242). A copy of DE 242 is attached hereto as **Exhibit B**. SYG has been without counsel since approximately October 2025.

10. Since Mr. Hutchinson's withdrawal, I have contacted over a dozen maritime and commercial litigation firms in South Florida and beyond seeking replacement counsel for SYG. Each has declined due to the complexity of the case, the number of related proceedings, conflicts of interest with opposing parties, or SYG's inability to pay retainers given its financial condition.

11. On January 29, 2026, I filed a Motion for Referral to the Volunteer Attorney Program (DE 275), seeking court assistance in obtaining pro bono representation for SYG. This Court denied that motion on the same date, reasoning that the program is "usually reserved for individuals who are

indigent prior to litigation, not those who have litigated until it costs too much." DE 279. A copy of DE 279 is attached hereto as **Exhibit C**.

12. A limited liability company cannot appear pro se in federal court. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). This creates a procedural impossibility: SYG cannot defend itself without counsel, and it cannot obtain counsel. SYG's default was therefore the direct and unavoidable consequence of this inability to retain counsel—not the product of willful disregard or deliberate litigation strategy.

### C. Documented Disability

13. I have been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") by a licensed medical professional. ADHD is recognized as a disability under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

14. My condition affects executive function, including the ability to organize, prioritize, and sequence complex multi-track tasks under time pressure. During the period between counsel's withdrawal (October 2025) and the entry of default (January 2026), I was simultaneously managing litigation across multiple active cases while experiencing cascading financial defaults. This combination of documented cognitive limitation, loss of counsel, and

extraordinary case volume contributed to specific procedural delays, including the untimely filing of SYG's response to the Show Cause Order (DE 253) and the pretrial stipulation and scheduling deadlines. The Omnibus Order.

15. For example, entry of default against SYG was ordered on January 13, 2026 (DE 266), ten days before the Joint Pretrial Stipulation deadline of January 23, 2026 (DE 218). As a defaulted corporate party without counsel, SYG's participation in a joint pretrial stipulation was, at minimum, procedurally ambiguous—a question that would normally be resolved by counsel. When opposing counsel emailed their unilateral filing on January 23, I prepared responsive materials in good faith but did not file them, given the unresolved procedural uncertainty of whether a defaulted party could or should participate. Contessa itself recognized this structural reality by filing unilaterally rather than jointly. I state this not as an excuse but as relevant context for this Court's consideration of the willfulness prong under the good cause analysis. I respectfully offer to submit medical documentation for in camera review upon this Court's request.

### D. Timeliness of This Motion

16. The Omnibus Order entering default against SYG was issued on January 13, 2026 (DE 266). Following entry of default, I took immediate steps to address the Court's concerns: I filed an Emergency Response (DE 270) on January 26, 2026; a Motion in Limine (DE 276) on January 29, 2026; a Declaration (DE 277) on January 29, 2026; a Notice of Active Criminal Investigations (DE 281) on January 30, 2026; and appeared personally at the Final Pretrial Conference on February 5, 2026 (DE 283).

17. I file this motion promptly upon identifying that Rule 55(c) provides the correct procedural vehicle for relief—a determination I was unable to make without legal research that my prior filings did not address. No default judgment has been entered, and the bench trial has not yet commenced. This motion is timely.

### E. Financial Collapse and Related Proceedings

18. As a direct result of the events underlying this litigation, SYG experienced a complete financial collapse beginning in late 2024 and accelerating through 2025.

19. On January 31, 2025, SYG's Seakeeper dealership was terminated, eliminating approximately 60% of SYG's annual revenue. On the same date, Safe Harbor Marinas initiated enforcement proceedings. These simultaneous events

triggered the default of SYG's guaranteed obligations. I am unable to retain counsel because the financial resources that would have funded legal representation were destroyed by these coordinated actions.

20. On January 30, 2026, I filed a Notice of Active Criminal Investigations with this Court (DE 281). I incorporate that filing by reference and respectfully decline to elaborate further in this Declaration.

### F. Good-Faith Discovery Compliance

21. Throughout this litigation, SYG has demonstrated consistent good-faith compliance with discovery obligations and court orders:

22. **Sanctions compliance:** SYG timely paid the $10,000 monetary sanction imposed by DE 161 on January 17, 2025 (Transaction Reference No. 2025011700414494). SYG complied within the deadline set by the Court. A copy of the transaction confirmation is attached hereto as **Exhibit D**.

23. **Document production:** On November 18–19, 2025—before this Court issued its Show Cause Order (DE 253, dated December 16, 2025)—I produced 14,686 files to opposing counsel via electronic delivery. This production was SHA-256 hash verified for integrity. A copy of the production transmittal email with hash verification is attached hereto as **Exhibit E**.

24. **Bates numbering:** In total, SYG has Bates-stamped 20,232 documents across two series: the primary series (SYG-000001 through SYG-015191) and a supplemental series (SYG-100001 through SYG-104685).

25. **Forensic accounting:** SYG's CFO Brian Kenny prepared a 151-page forensic accounting reconciliation (ECF 230-1) accounting for $4,504,641.18 in disputed transactions, reconciled to specific invoices, payments, and dates. Prior counsel represented at the August 20, 2025 hearing (DE 233) that this reconciliation accounted for the funds "to the dollar."

26. **Court appearances:** I have appeared at every hearing and conference in this case, either personally or through counsel, including the Final Pretrial Conference on February 5, 2026 (DE 283). SYG has expended over $100,000 in discovery compliance costs, as stated on the record at the August 20, 2025 hearing (DE 233 Tr. at 26). I have never failed to appear when directed by this Court.

### G. Contessa's Contradictory Record Representations

27. On January 23, 2026, Contessa filed its Pretrial Stipulation (DE 269). That filing lists over 15,000 SYG Bates-numbered documents as Contessa's proposed trial exhibits, assigning exhibit numbers and providing descriptions for each (DE 269-1).

28. By designating SYG's Bates-stamped documents as trial exhibits, Contessa necessarily authenticated SYG's production and represented to this Court that it possesses, has reviewed, and intends to use the documents SYG produced in discovery.

29. Three days later, on January 26, 2026, Contessa filed a Renewed Motion for Terminating Sanctions (DE 270) representing that Stratmann had failed to produce discovery. These two filings, submitted three days apart by the same counsel, are irreconcilable. The documentary record—specifically DE 269 and its exhibit list—resolves the contradiction.

### H. Contessa's Independent Access to Financial Data

30. Separate from SYG's production, Contessa has possessed independent access to the financial data at issue in this case through multiple channels throughout this litigation:

31. **Leatherwood records:** On July 5–9, 2023, Aaron Leatherwood—Contessa's project manager aboard M/V Octopussy—transmitted SYG financial records directly to Moore & Company, Contessa's then-counsel (documents bearing Contessa production numbers CON 007276 through CON 007345).

32. **Bank of America records:** Contessa obtained 903 pages of SYG's Bank of America account statements through subpoena in September 2024, reflecting SYG's financial transactions during the relevant period.

33. **Zomma Group records:** Contessa's accountant Betty Martin of Zomma Group has maintained complete financial records relating to the Octopussy refit since at least September 2023.

34. **Shared platform access:** During the business relationship, both parties maintained shared access to a SharePoint platform containing financial and operational data. Contessa's access to this data was not contingent on SYG's discovery production.

35. **Forensic examination blocked:** At the August 20, 2025 hearing before Magistrate Judge Valle (DE 233), SYG proposed a neutral forensic accounting examination to resolve the factual dispute over financial reconciliation. Contessa opposed the examination. The one neutral process that would have objectively verified SYG's 151-page accounting was blocked by the party claiming that accounting was inadequate. Contessa therefore suffers no informational prejudice from setting aside SYG's default.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 10, 2026
Fort Lauderdale, Florida

_____
**CHARLES JACOB STRATMANN**
Counter-Defendant, Pro Se
545 NE 17th Ave
Fort Lauderdale, FL 33301
(954) 873-8546
jake@starboardyacht.com