UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61696-CIV-SINGHAL

STARBOARD YACHT GROUP LLC,

    Plaintiff/Counter-Defendant,

vs.

CONTESSA MARINE RESEARCH, LLC,

    Defendant/Counter-Plaintiff,

vs.

CHARLES JAKE STRATMANN,

    Counter-Defendant.

_____/

## ORDER

**THIS CASE** is about an accounting for work done (or not done). Defendant/Counter-Plaintiff Contessa Marine Research, LLC ("Contessa") hired Starboard Yacht Group LLC ("SYG") to manage repairs on Contessa's boat. Contessa paid SYG millions of dollars, but SYG had little to show for it. The Clerk of Court entered default against SYG because SYG went months without obtaining counsel, as required by law as an LLC. *See* (DE [266]). Contessa moved for final default judgment. (DE [287]). The motion is unopposed.[1] Having considered the motion and the record, the Court grants final default judgment.

---

[1] In an effort to circumvent the rules, Counter-Defendant Charles Jake Stratmann, filed a pleading titled in part "Opposition to Motion for Entry of Final Default Judgment [DE 287]" at [DE 290]. But, he has repeatedly been told that he may not file pro se on behalf of Starboard Yacht Group, LLC. In fact, just ten days ago, on February 10, 2026, he filed pro se a Motion to Set Aside Default [DE 284]. The Court was quite clear in denying the Motion [DE 286] writing, "Stratmann fails to show good cause why the entry of default should be set aside. The fact that Stratmann filed this motion pro se on behalf of Starboard Yacht Group, LLC ("SYG") demonstrates why the entry of default will remain. If Stratmann was serious about vacating default,

I.      LEGAL STANDARDS

Courts are authorized to enter a default judgment against a defendant who fails to defend a lawsuit. Fed. R. Civ. P. 55(b)(2); *Naval Logistics, Inc. v. M/V PETRUS*, 753 F. Supp. 3d 1298, 1307 (S.D. Fla. 2024)  Upon entry of a default, the defendant admits the plaintiff's well-pleaded allegations of fact. *Lary v. Trinity Physician Financial & Ins. Services,* 780 F.3d 1101, 1106 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)).

"A defendant's default alone does not warrant the entry of a default judgment." *Id.* (citing *Nishimatsu*, 515 F.2d at 1206 ("[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.")). "Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quotation omitted). A default judgment may only be entered where the complaint is sufficient to withstand a motion to dismiss. *Id.* "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Id.*

Further, the court may not enter a judgment of default awarding cash damages without a hearing "unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Anheuser Busch, Inc. v. Philpot,* 317 F.3d 1264, 1266 (11th Cir. 2003) (quoting *Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1543-44 (11th Cir. 1985)); Fed. R. Civ. P. 55(b)(2).

---

he would have hired counsel for SYG—as required by law—and had the lawyer file this motion. Instead, he improperly files this motion on behalf of an LLC, asking the Court to trust him, that this time—after nearly five months—he will finally obtain counsel for SYG. This is far too little, far too late."  And it should be noted that Stratmann's filing came just five days after he was advised in open court at the February 5, 2026 hearing that such filings are not proper.  While pro se litigants are afforded latitude, the rules still apply to them.  The Motion currently before the Court is therefore unopposed.

II. DISCUSSION

A. Factual Findings

The Counterclaim and unopposed Pre-Trial Stipulation allege the following facts which are deemed admitted by Plaintiff/Counter-Defendant's default and lack of opposition:

1. Contessa hired SYG as a project manager to refit Contessa's boat. (Counterclaim (DE [31] ¶ 10)).

2. Contessa wired SYG over four million dollars for repairs, but SYG can account for less than one and one-half million dollars. *Id.* at ¶ 8.

3. On top of that, Contessa paid SYG $786,175.53 to purchase three Seakeeper stabilizer units. (Stipulation (DE [269] ¶ 4(n)). SYG failed to deliver the units. *Id.* ¶ 4(o).

4. Contessa funded SYG $1,825,000.00 to purchase a new engine, but SYG only paid the supplier $638,750. *Id.* ¶ 4(u)-(x). Contessa had to pay the remaining $1,016,242.50 directly to the supplier, on top of the funds already paid to SYG. *Id.*

5. Contessa funded SYG to purchase jets, but SYG only paid the supplier $148,500.00. *Id.* ¶ 4(z)-(aa). Contessa had to pay the supplier directly the remaining $346,500.00, on top of what Contessa had already paid SYG. *Id.*

6. Contessa funded SYG to pay for docking services, but SYG paid via credit card and then initiated chargebacks. *Id.* ¶ 4(bb)-(dd). SYG never refunded Contessa. *Id.* Those chargebacks totaled $226,502.19. (DE [287] at 8).

### B. Legal Conclusions

Contessa brought multiple claims against SYG, including unjust enrichment.[2] "A claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012). All three elements are met here. Contessa paid SYG millions of dollars for services never rendered, SYG kept those funds, and it would be inequitable for SYG to retain funds when it never performed the contracted services. Contessa has met its burden.

Contessa is entitled to a monetary judgment, because the amount is capable of mathematical determination. As with all default judgments, the Court independently calculates the amount owed based on the well-plead unopposed figures.

### III.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Contessa's Motion (DE [287]) is **GRANTED** against Plaintiff/Counter-Defendant SYG. A Final Judgment will be entered by separate order in favor of Contessa and against SYG in the principal amount of $5,403,414.94,[3] plus pre-judgment interest through February 11, 2026, in the

---

[2] Because Contessa is entitled to its requested damages under the unjust enrichment claim, the Court does not need to determine if the other claims are met.

[3] This number is less than what Contessa requested because it does not include the $362,072.20 that Contessa seeks to obtain from SYG for returning and selling the Seakeeper stabilization units. The Court is already ordering SYG to return the $786,174.43 plus interest that Contessa paid SYG to obtain the Seakeeper units. The return of those funds will make Contessa whole regarding those units. That is the amount that Contessa lost. Contessa is not entitled to those funds and the funds SYG received for returning the units it purchased. That would result in a windfall for Contessa. A separate issue—not for this Court—is whether anyone should be charged with First Degree Grand Theft for the $362,072.20. *See* Florida Statute § 812.014(2).

amount of $1,121,368.24, plus pre-judgment interest thereafter through the date of judgment in the per-diem amount of $1,254.19, plus costs, and post-judgment interest thereafter.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 20th day of February 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF
and via Postal Service to:

Charles Jake Stratmann
545 NE 17th Ave
Fort Lauderdale, FL 33001

Copies also to be provided to those present in open Court on February 23, 2026.