UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN  ADMIRALTY

STARBOARD YACHT GROUP LLC,
a Florida limited liability company,

       Plaintiff/Counter-Defendant,

v.                                       CASE NO.: 23-CV-61696-SINGHAL

CONTESSA MARINE RESEARCH LLC,
a Delaware limited liability company,
*in personam,*

       Defendant/Counter-Plaintiff,

v.

CHARLES JAKE STRATMANN,
*individually*,

       Counter-Defendant.

_____/

## DEFENDANT/COUNTER-PLAINTIFF'S MOTION TO STRIKE [ECF NOS. 318, 319]

Defendant/Counter-Plaintiff, Contessa Marine Research, LLC ("CONTESSA MARINE"), by and through undersigned counsel and pursuant to the applicable rules of the Federal Rules of Civil Procedure, this Court's Order [ECF No. 247], and this Court's inherent authority to control its docket, hereby files its Motion to Strike [ECF Nos. 318, 319] filed by STRATMANN in his individual capacity, *pro se*, and in support thereof alleges as follows:

## OVERVIEW

Final default judgment has been entered against Starboard Yacht Group LLC ("STARBOARD YACHT"). *See* ECF Nos. 299, 300. As an artificial entity, STARBOARD YACHT cannot appear in this Court without licensed counsel. *See Palazzo v. Gulf Oil Corp*., 764 F.2d 1381, 1385 (11th Cir. 1985). No counsel has appeared on its behalf for nearly six (6) months. *See* ECF No. 247.

Despite this, Counter-Defendant, Charles Jake Stratmann ("STRATMANN"), continues to submit filings purportedly in his individual capacity that, in substance, seek to advance the interests of the defaulted entity and challenge the judgment entered against it. *See* ECF Nos. 315, 318, 319. This Court has already rejected this exact conduct and made clear that STRATMANN may not file on behalf of STARBOARD YACHT. *See* ECF Nos. 266, 286, 299.

STRATMANN cannot circumvent well-settled law and this Court's directives by disguising improper filings in his individual capacity. Because STARBOARD YACHT cannot appear without counsel, and STRATMANN is not permitted to act on its behalf, his latest filings are procedurally improper and legally defective. Accordingly, [ECF Nos. 318, 319] must be stricken. *See also* ECF No. 316 (CONTESSA MARINE's Motion to Strike [ECF No. 315], Motion to Seal [ECF No. 315], and Motion for Sanctions).

## RELEVANT PROCEDURAL HISTORY

1. This Court repeatedly ruled that STARBOARD YACHT, as an artificial entity, must be represented by licensed counsel in federal court. *See* ECF Nos. 266, 299, 300.[1]

2. The Court has likewise repeatedly advised STRATMANN that he cannot file pleadings or motions on behalf of STARBOARD YACHT while appearing *pro se* because he is not a licensed attorney. *See id.*

3. On October 2, 2025, STRATMANN's third attorney filed a Motion to withdraw from representation of both STARBOARD YACHT and STRATMANN [ECF No. 245].

4. On October 3, 2026, the Court entered the Order [ECF No. 247] granting the withdrawal and directing, in relevant part:

   Starboard has ten (10) days from the date of this Order to retain new counsel, who must file a notice of appearance within this period. Furthermore, Starboard must be represented by counsel. Accordingly, its failure to comply with this Court's order

---

[1] *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

may result in possible sanctions. *See, e.g., Compania Interamericana Export-Import, S.A., v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996) (upholding an entry of a default judgment as a proper sanction for a defendant corporation's failure to obtain counsel).

5. The compliance deadline expired on October 13, 2025. No counsel appeared.

6. In direct response thereto, CONTESSA MARINE filed its Motion for Sanctions, to Strike Pleadings, and For Default against STARBOARD YACHT [ECF No. 249].[2]

7. The Court thereafter entered its Omnibus Order [ECF No. 266] (the "Omnibus Order"), dismissing with prejudice the only remaining claim of STARBOARD YACHT, directing the Clerk to enter default against STARBOARD YACHT, and instructing CONTESSA MARINE to move for final default judgment.[3] *See also* ECF No. 267 (Clerk's entry of default judgment against STARBOARD YACHT).

8. In the Omnibus Order dated January 13, 2026, the Court expressly found willful noncompliance, delay, and disregard of this Court's directives, and made clear that STARBOARD YACHT plays by its own rules. To the extent one's word is their bond, [STARBOARD YACHT]'s bond is worthless." ECF No. 266 ("There is no excuse for why [Stratmann] waited three months to contact counsel. This lethargic conduct amounts to willful contempt").

9. On February 5, 2026, during the pretrial conference, the Court again advised STRATMANN in open court that he could not file on behalf of STARBOARD YACHT.

---

[2] CONTESSA MARINE also filed a second sanctions motion, the Motion for Sanctions and to Preclude Evidence against STARBOARD YACHT and STRATMANN [ECF No. 250] relating to discovery violations.

[3] STRATMANN is fully aware of the Court's Orders requiring STARBOARD YACHT to obtain counsel and warned that failure to timely comply would result in default. In failing to obtain counsel, STARBOARD YACHT failed to appear "or otherwise defend" this action and thus, default was proper under Fed. R. Civ. P. 55. *See, e.g., Heinbach v. McDaniel*, 2010 WL 11507333, at *1 (M.D. Fla. 2010) ("Willfully or not, [defendant] has failed to obtain counsel despite repeated extensions of time and warnings from the court. Under the circumstances, entry of a default is an appropriate consequence for [defendant]'s failure to comply with this court's orders and the Local Rules and its inability to 'plead or otherwise defend' itself in this matter.") (citations omitted).

10. Five (5) days later, on February 10, 2026, STRATMANN nevertheless filed a *pro se* Motion to Set Aside the Default [ECF No. 284] entered against STARBOARD YACHT.

11. On February 11, 2026, the Court denied that motion [ECF No. 286],[4] reiterating that STRATMANN's *pro se* filing on behalf of an LLC was improper and emphasizing that his failure to obtain counsel was the reason the default would remain. The Court concluded that STRATMANN's conduct was "far too little, far too late."

12. Consistent with the Court's directive [ECF No. 266], CONTESSA MARINE timely moved for entry of final default judgment against STARBOARD YACHT [ECF No. 287].

13. STRATMANN again attempted to circumvent governing law by filing a *pro se* Opposition to Motion for Entry of Final Default Judgment [DE 287]" on behalf of STARBOARD YACHT. *See* ECF No. 290.

14. Thereafter, the Court entered its Orders [ECF No. 299, 300] granting CONTESSA MARINE's unopposed motion [ECF No. 287] and entering final default judgment against STARBOARD YACHT in the principal amount of $5,403,414.94.

15. In the Order [ECF No. 299] granting final default judgment against STARBOARD YACHT, the Court again reiterated its frustrations with STRATMANN's improper filings:

> In an effort to circumvent the rules, Counter-Defendant Charles Jake Stratmann, filed a pleading titled in part "Opposition to Motion for Entry of Final Default Judgment [DE 287]" at [DE 290]. But, he has repeatedly been told that he may not file pro se on behalf of Starboard Yacht Group, LLC. In fact, just ten days ago, on February 10, 2026, he filed pro se a Motion to Set Aside Default [DE 284]. The Court was quite clear in denying the Motion [DE 286] writing, "Stratmann fails to show good cause why the entry of default should be set aside. The fact that Stratmann filed this motion pro se on behalf of Starboard Yacht Group, LLC

---

[4] ECF No. 286 ("[t]he fact that Stratmann filed this motion pro se on behalf of Starboard Yacht Group, LLC ("SYG") demonstrates why the entry of default will remain. If Stratmann was serious about vacating default, he would have hired counsel for SYG—as required by law—and had the lawyer file this motion. Instead he improperly files this motion on behalf of a LLC, asking the Court to trust him, that this time—after nearly five months—he will finally obtain counsel for SYG. This is far too little, far too late. On February 23, 2026 in open court, the Parties shall be prepared to discuss what sanctions, if any, are appropriate for this litigant continuing to file motions like this.").

("SYG") demonstrates why the entry of default will remain. If Stratmann was serious about vacating default, he would have hired counsel for SYG—as required by law—and had the lawyer file this motion. Instead, he improperly files this motion on behalf of an   LLC, asking the Court to trust him, that this time—after nearly five months—he will finally obtain counsel for SYG. This is far too little, far too late." And it should be noted that Stratmann's filing came just five days after he was advised in open court at the February 5, 2026  hearing that such filings are not proper.

16. To date, almost six (6) months later, STARBOARD YACHT remains unrepresented in this action. Irrespective, STRATMANN continues to proceed as though governing law does not apply and continues to submit improper filings on its behalf. *See* ECF Nos. 247, 315, 318, 319.

17. This procedural history reflects not a single instance of noncompliance, but a sustained pattern of deliberate disregard for this Court's orders and governing law."

## ARGUMENT

18. Under the facts at hand, judgment has been entered against the artificial entity STARBOARD YACHT [ECF Nos. 299, 300].

19. Despite this, STRATMANN's latest filings [ECF Nos. 318, 319] are yet another attempt to proceed as though the rules do not apply to him and to delay the inevitable consequences of his own misconduct. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

20. It is well settled that a limited liability company cannot appear *pro se,* and its failure to secure counsel renders it incapable of prosecuting or defending an action. *See id*.

21. No counsel has appeared for STARBOARD YACHT in almost six (6) months.

22. Yet, STRATMANN continues to file documents on STARBOARD YACHT's behalf as though governing law is optional. *See* ECF Nos. 247, 315, 318, 319.

23. Although styled as filings in STRATMANN's individual capacity, the substance of STRATMANN's submissions makes clear that STRATMANN seeks to advance the interests of the unrepresented and defaulted entity, STARBOARD YACHT. *See* ECF No. 318, 319.

24. Accordingly, [ECF Nos. 318, 319] are facially defective as they attempt to challenge and/or alter the judgment entered against STARBOARD YACHT, an entity that cannot appear without counsel. *See* ECF Nos. 299, 300.

25. STRATMANN admits that STARBOARD YACHT cannot defend itself; however, this reality is entirely of STRATMANN's own making in refusing to retain counsel in this action.

26. STRATMANN's refusal to obtain counsel is not due to inability.

27. In fact, STARBOARD has retained counsel for STARBOARD YACHT in other cases currently pending, after default judgment was entered it. *See EXs. Bluewater Reel Estate LLC v. Starboard Yacht Group, LLC*, Case No. COSO25053444 (Fla. 17th Cir. 2025) (attorney appearance on behalf of STARBOARD YACHT); *see also Hayes v. Starboard Yacht Group LLC*, Case No. CACE25012408 (Fla. 17th Cir. 2025) (attorney appearance on behalf of STARBOARD YACHT).

28. As this Court has already observed, STRATMANN could have retained counsel rather than continue filing improper *pro se* submissions, including the "Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e)" [ECF No. 318]. *See* ECF Nos. 266, 286, 299.

29. Under these circumstances, STRATMANN is "singularly to blame" for STARBOARD YACHT's failure to defend and obtain counsel. See *High Country Broad. Co., Inc.*, 3 F.3d at 1245.

30. The default entered against STARBOARD YACHT is therefore the direct and foreseeable consequence of STRATMANN's deliberate refusal to comply with governing law and this Court's orders, despite his ability to do so.

31. Separately, contrary to STRATMANN's assertions, on March 13, 2026, this Court denied STRATMANN's characterization of any "Conflict" herein. *See* ECF No. 313 (Order denying STRATMANN's "Motion in Limine to Disqualify Akerman LLP and Stay Related Foreclosure Proceedings Due To Irreconcilable Conflict of Interest;" *see also Seacoast National Bank v. M/V SLOW UR ROLL II*, Case No. 26-60289, DE 30 (S.D. Fla. March 2, 2026) (Dimitrouleas, J.) (Order denying STRATMANN's Motion to Disqualify Counsel Akerman LLP and striking STRATMANN's improper filings).[5]

32. Unable to proceed on behalf of STARBOARD YACHT, STRATMANN repeatedly attempts to circumvent that prohibition by disguising improper filings in his "individual capacity," while substantively advancing the same arguments on behalf of the defaulted entity. This tactic is a continuation of conduct that this Court has repeatedly rejected. *See* ECF Nos. 266, 286, 299.

33. Accordingly, STRATMANN's filings [ECF Nos. 318, 319] must be stricken because they are procedurally improper, legally defective, and a transparent attempt to circumvent this Court's orders. *See id.*

## **MEMORANDUM OF LAW**

Under the facts at hand, judgment has been entered against the artificial entity STARBOARD YACHT [ECF Nos. 299, 300].

It is well settled that a company is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by licensed counsel in federal courts. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), *cert. denied*, 474 U.S. 1058 (1986); *Luma v. Dib*

---

[5] Further highlighting STRATMANN's intentional disregard, he again continues to refer to the same materials that this Court expressly rejected. *See* ECF Nos. 302-305. The Court rejected STRATMANN's attempt to introduce those materials, explaining that they were untimely and did not constitute newly discovered evidence. Trial Tr. 16:1–15. This same material, the Court expressly rejected on the morning of trial, is the same "evidence" STRATMANN attempts to improperly inject into the record via his latest improper filings [ECF Nos. 315, 318].

*Funding, Inc.*, No. ELH-20-2504, 2022 WL 181156, at *10 (D. Md. 2022); *Jacobs v. Patent Enf't Fund, Inc.*, 230 F.3d 565, 569 (2d Cir. 2000) (denying motion to intervene by corporate officer where intervention "even though formally on his own behalf, is in effect an effort to enable [defendant] to appear without counsel, undermining the longstanding rule that a corporation may appear in federal court only through its lawyer.");

At its most basic level, here STRATMANN, who is not a licensed attorney, cannot represent the artificial entity STARBOARD YACHT. Despite being titled in his individual capacity, STRATMANN's filings [ECF No. 318, 319] are nothing more than a deliberate attempt to circumvent governing law and advance the interests of the defaulted and unrepresented entity, STARBOARD YACHT. *See* ECF No. 299, fn. 1.[6]

STRATMANN has admitted that STARBOARD YACHT cannot defend itself, but that circumstance is entirely self-inflicted. *See* ECF Nos. 266, 299, 300. STRATMANN's refusal to retain counsel, despite repeated warnings, has naturally resulted in a final default judgment against STARBOARD YACHT. *See id.*; *see also Lopez v. Devito*, 2022 WL 1214888, at 2 (11th Cir. 2022) (affirming dismissal with prejudice where party exhibited a clear pattern of delay and refusal to comply with court orders despite repeated warnings.).

Relevant to the facts at hand, Federal courts possess inherent authority to manage their dockets and to strike improper filings in order to ensure the orderly and expeditious disposition of cases. *See Nat'l Viatical, Inc. v. Universal Settlements Int'l, Inc.*, File No. 1:11-CV-1226 (W.D.

---

[6] Order, ECF 299, at n. 1 ("In an effort to circumvent the rules, [Stratmann] filed a pleading . . .But, he has repeatedly been told that he may not file pro se on behalf of [STARBOARD YACHT]. The fact that Stratmann filed this motion pro se on behalf of [STARBOARD YACHT] demonstrates why the entry of default will remain. If Stratmann was serious about vacating default, he would have hired counsel for [STARBOARD YACHT]—as required by law— and had the lawyer file this motion. Instead, he improperly files this motion on behalf of an LLC, asking the Court to trust him, that this time—after nearly five months—he will finally obtain counsel for [STARBOARD YACHT]. This is far too little, far too late. And it should be noted that Stratmann's filing came just five days after he was advised in open court at the February 5, 2026, hearing that such filings are not proper. While pro se litigants are afforded latitude, the rules still apply to them").

Mich. Aug 27, 2012); *Williams v. Florida Health Sciences Center, Inc.*, 2007 WL 641328, at *3 (M.D. Fla. 2007); *Luma v. Dib Funding, Inc.*, 2022 WL 181156, at *10 (D. Md. Jan. 19, 2022).

Federal courts likewise possess both inherent authority and express authority under the Federal Rules of Civil Procedure to sanction parties that fail to comply with court orders or prosecute their claims. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Vivere Adventures, Ltd. v. Starboard Yacht Group, LLC*, 0:25-cv-61065-WPD, DE 36 (S.D. Fla. January 14, 2026) (Dimitrouleas, J.) (order striking improper filings and granting final default judgment against Starboard Yacht Group LLC) (emphasis added).

Accordingly, CONTESSA MARINE respectfully requests that this Court exercise its inherent authority and strike STRATMANN's improper and legally defective filings [ECF No. 315, 318, 319].

**WHEREFORE,** Defendant/Counter-Plaintiff, Contessa Marine Research LLC, respectfully requests that this Honorable Court enter Order/(s):

(1) **DENYING and STRIKING [ECF No. 318]** "Counter-Defendant, Charles Jacob Stratmann's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e);"

(2) **STRIKING [ECF NO. 319]** "NOTICE OF APPEAL;"

(3) **GRANTING** Contessa Marine Research LLC's Motion to Strike [ECF No. 315], Motion to Seal [ECF No. 315], and Motion for Sanctions Against Counter-Defendant Charles Jake Stratmann" [ECF No. 317];

(4) **SEALING** [ECF No. 315] pending this Court's determination of [ECF No. 317];

(5) **ADOPTING** Contessa Marine Research LLC's Proposed Findings of Fact and Conclusions of Law [ECF No. 314]; and

(6) For any and all other further relief that this Honorable Court deems just and proper.

Respectfully submitted on this <u>25th</u> day of March 2026,

By: <u>/s/ Brooke L. Bishop</u>
Brooke L. Bishop
Florida Bar No.: 1058437
brooke.bishop@maritimeattorneys.com

James H. Perry, II
Florida Bar No.: 991491
perry@maritimeattorneys.com

PERRY MARITIME LAW GROUP, P.A.
1650 SE 17th Street, Suite 200
Fort Lauderdale, FL 33316
Telephone:   954-500-1000
Facsimile:   954-500-2000
*Counsel for CONTESSA*
*MARINE RESEARCH LLC*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with this Court's CM/ECF docketing system this <u>25th</u> day of March 2026, and that it is being served via CM/ECF on the counsel of record shown on the Service List.

<u>/s/ Brooke L. Bishop</u>
Brooke L. Bishop