**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**FORT LAUDERDALE DIVISION**

STARBOARD YACHT GROUP, LLC,

Plaintiff/Counter-Defendant,

v.

M/V OCTOPUSSY, in rem,

CONTESSA MARINE RESEARCH, LLC, in personam,

Defendants/Counter-Plaintiffs,

and

CHARLES JACOB STRATMANN,

Counter-Defendant (Pro Se).

Case No. 0:23-cv-61696-AHS

FILED BY EB D.C.
JUN 04 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**COUNTER-DEFENDANT CHARLES JACOB STRATMANN'S MOTION TO UNSEAL DE 315 (PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW) OR, IN THE ALTERNATIVE, FOR PARTICULARIZED NARROWING**

## I. INTRODUCTION

Counter-Defendant Charles Jacob Stratmann ("CJS"), appearing pro se, respectfully moves this Court to unseal DE 315 (CJS's Proposed Findings of Fact and Conclusions of Law and accompanying exhibits at DE 315-1 through DE 315-4), or in the alternative, to narrow the seal to specifically identified portions supported by particularized findings.

This motion does not seek reconsideration of the Court's authority to manage its docket. It seeks application of this Court's own controlling rule, announced in DE 310 (Feb. 24, 2026), that contradictory exhibits "should never be stricken" but "should be used to illustrate lack of credibility." The seal of DE 315 (DE 317) accomplishes by indirection what striking would have

accomplished directly: it removes from the litigant's reach the very contradictions DE 310 protected.

## II. PROCEDURAL BACKGROUND

On February 24, 2026 (DE 310), this Court denied a motion to strike CJS's contradictory exhibits, holding that contradictory exhibits "should never be stricken, they should be used to illustrate lack of credibility."

On March 16, 2026 (DE 315), CJS filed Proposed Findings of Fact and Conclusions of Law pursuant to the Court's Omnibus Order (DE 266), incorporating documentary evidence cataloging contradictions among the trial witnesses, sworn declarations, and produced documents.

On March 23, 2026 (DE 317), Contessa Marine Research, LLC ("CMR") moved to strike DE 315, to seal it, and for sanctions. The Court did not impose sanctions and did not strike DE 315. The Court did seal DE 315. No particularized findings supporting confidentiality of any specific portion appear on the public docket.

On May 19, 2026 (DE 328), this Court reinstated the appeal to the Eleventh Circuit; on May 20, 2026 (DE 330), the Clerk confirmed DE 315 as restricted. The seal therefore now also restricts CJS's ability to cite or rely on the sealed contradictions on appeal.

## III. THE CONTROLLING RULE FROM THIS DOCKET

DE 310 is binding internal precedent in this case, and its holding is unambiguous: contradictory exhibits "should never be stricken" because their evidentiary function is to illustrate lack of credibility. That rule rests on a sound principle. See Fed. R. Evid. 607 (any party may attack a witness's credibility); United States v. Abel, 469 U.S. 45, 50-51 (1984) (bias and inconsistency are core impeachment categories).

The seal under DE 317 does not strike DE 315 in name, but it removes DE 315 from the public record and from open use. A litigant who cannot use, cite, or refer to a contradiction on the open record is a litigant whose contradictions have been stricken in everything but caption.

**IV. THE SEAL FAILS THE PRESS-ENTERPRISE / ROMERO TEST**

The Eleventh Circuit recognizes a presumptive right of access to judicial records in civil cases. Newman v. Graddick, 696 F.2d 796, 800-01 (11th Cir. 1983); Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). A sealing order requires "specific, on the record findings" that closure is essential to preserve a higher value and is narrowly tailored to serve it. Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 13-14 (1986); Romero v. Drummond Co., 480 F.3d 1234, 1245-46 (11th Cir. 2007).

No such findings appear on the docket as to DE 315. To the extent CMR designated underlying productions confidential under a protective order, party designations do not control judicial sealing. In re Alexander Grant & Co. Litigation, 820 F.2d 352, 355-56 (11th Cir. 1987). The seal also sweeps across plainly non-confidential content, including this Court's own prior orders, CMR's counterclaim text, and CJS's legal argument, and so cannot be narrowly tailored. Under S.D. Fla. L.R. 5.4, a party seeking to seal must establish justification by particularized findings; no such motion preceded the sealing of DE 315.

**V. DE 310 FORECLOSES THE DE 317 SEAL**

The Court already declined to remove CMR's contradictory exhibits because contradictions are evidence. The same rule must apply to CJS's contradictions, presented in the same docket, against the same opposing party, on the same issues, before the same Court, and governed by the same evidentiary principle. If CMR's contradictory exhibits could not be stricken, CJS's contradictory exhibits cannot be sealed. The label differs; the effect does not.

**VI. ALTERNATIVE RELIEF: PARTICULARIZED NARROWING**

If the Court declines to vacate the seal in full, CJS respectfully requests that the Court (a) identify on the record the specific paragraphs, exhibits, or pages within DE 315 and its attachments that require protection; (b) make particularized findings under Press-Enterprise and Romero as to each; (c) order public refiling of all non-protected portions; and (d) grant CJS leave to use the sealed material in subsequent filings under appropriate cover.

**VII. RELIEF REQUESTED**

WHEREFORE, Counter-Defendant Charles Jacob Stratmann respectfully requests that this Court (A) vacate the seal of DE 315 and its attachments DE 315-1 through DE 315-4, consistent with DE 310; (B) in the alternative, narrow the seal to specifically identified portions supported by particularized findings under Press-Enterprise and Romero, and order public refiling of all non-protected portions; (C) clarify that CJS may cite, quote, and rely on DE 315 in subsequent filings to the extent the seal is vacated or narrowed; and (D) grant such further relief as the Court deems just and equitable.

CERTIFICATION OF CONFERRAL (Local Rule 7.1(a)(3))

The movant has in good faith attempted to confer with counsel for Contessa Marine Research, LLC regarding the relief requested, by electronic mail to counsel of record, and has received no substantive response as of the date of filing.

**VERIFICATION UNDER 28 U.S.C. § 1746**

I, Charles Jacob Stratmann, declare under penalty of perjury under the laws of the United States that the factual statements concerning the procedural history and docket references set forth above are true and correct to the best of my knowledge.

Respectfully submitted,

Charles Jacob Stratmann, Pro Se

Counter-Defendant

545 NE 17th Avenue

Fort Lauderdale, FL 33301

(954) 873-8546

jake@starboardyacht.com

Date: 6/04/2026

## CERTIFICATE OF SERVICE

I certify that on the date set forth below, a copy of the foregoing was served upon all counsel of record by the Court's CM/ECF system, including counsel for Contessa Marine Research, LLC and the M/V Octopussy.

Charles Jacob Stratmann, Pro Se

Date: 6/04/2026