**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| STARBOARD YACHT GROUP, LLC,<br>Plaintiff/Counter-Defendant,<br>v.<br>M/V OCTOPUSSY, in rem,<br>CONTESSA MARINE RESEARCH, LLC, in personam,<br>Defendants/Counter-Plaintiffs,<br>and<br>CHARLES JACOB STRATMANN,<br>Counter-Defendant (Pro Se). | Case No. 0:23-cv-61696-AHS |

FILED BY ___ D.C.
JUN 04 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**COUNTER-DEFENDANT CHARLES JACOB STRATMANN'S VERIFIED MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(d)(3), RULE 60(b)(4), AND RULE 60(b)(6)**

## I. INTRODUCTION

Counter-Defendant Charles Jacob Stratmann ("CJS"), appearing pro se, respectfully moves this Court under Federal Rule of Civil Procedure 60(d)(3) (independent action for fraud on the court), 60(b)(4) (void judgment), and 60(b)(6) (extraordinary circumstances), for relief from the Final Default Judgment (DE 299-300) and any subsequent judgments entered in this matter.

This motion incorporates by reference the movant's prior motion ("V3.1," filed and served in March 2026) and supplements it with three additional grounds emerging from the docket: first, that the Court's own February 24, 2026 ruling (DE 310) forecloses the sealing of the movant's contradiction record (DE 315); second, that the in forma pauperis denial (DE 324) misidentified

the movant's individual filing as one made on behalf of the LLC; and third, that the compressed trial, with the movant's brief absence resulting in the close of testimony, denied a meaningful opportunity to be heard.

This motion seeks relief, an evidentiary hearing, preservation orders, and a stay pending resolution. It does not seek ex parte communications or any relief that bypasses opposing counsel.

## II. STANDARD OF REVIEW

Rule 60(d)(3) preserves the court's inherent power to set aside a judgment obtained by fraud on the court. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 248 (1944); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).

The Eleventh Circuit defines fraud on the court as "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir. 1985). Materially false sworn testimony, standing alone, is intrinsic fraud and does not support relief. Id. This motion does not rest on false testimony alone; it rests on the combination of documented concealment of a six-vessel accounting, trial-day filings served only on counsel of record in a forum the movant was structurally excluded from, and inconsistent court orders that, by sealing the contradiction record, accomplish what the Court declined to do by striking it. The five-element framework of Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978), controls.

Relief from a void judgment under Rule 60(b)(4) must be sought within a "reasonable time" under Rule 60(c)(1). Coney Island Auto Parts Unlimited, Inc. v. Burton, 607 U.S. ___ (2026) (No. 24-808). The movant received actual notice of the default judgment (DE 299-300) upon its entry, and this motion is filed within a reasonable time of that notice. An independent action lies where a "grave miscarriage of justice" would otherwise occur. United States v. Beggerly, 524 U.S. 38, 46 (1998). The four-factor stay standard governs the stay relief requested below. Nken

v. Holder, 556 U.S. 418, 434 (2009). Pro se filings are construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

## III. FACTUAL BACKGROUND (INCORPORATED FROM V3.1)

The movant incorporates by reference Sections III through VIII of V3.1, including the documented six-vessel accounting concealed from the Court; the Leatherwood/Moore correspondence (Exhibit M, Bates SYG-106579 to SYG-106601); the Ivankovich per-vessel response of March 22, 2024; the Flitman $791,835.93 six-vessel email of March 20, 2024; and the DE 269 unilateral pretrial stipulation.

## IV. EVIDENCE AT RISK; PRESERVATION (INCORPORATED FROM V3.1)

The movant incorporates by reference Section IV of V3.1, including the disputed SK35 unit, the related criminal contradiction, the active Broward County Sheriff's Office investigation (Case No. 02-2601-000152), and the threat of liquidation to SYG intellectual property.

## V. CROSS-CASE COORDINATION (INCORPORATED FROM V3.1)

The movant incorporates by reference Section V of V3.1, including the RICO action (0:26-cv-61150-PAB), the Seakeeper D. Md. action (1:26-cv-01332-MJM), and the Chancery action (2026-0495-MTZ). These matters reflect a single coordinated pattern: the CMR proceeding and sealed DE 315, the Seakeeper termination documented in Exhibit M, the Maryland litigation, and a coordinated creditor attack.

## VI. RELIEF SOUGHT (CARRIED FORWARD FROM V3.1)

The movant incorporates by reference Section VI, items 1 through 12, of V3.1, and supplements with the additional items in Section XII below.

## VII. DUE PROCESS AND CM/ECF ASYMMETRY (INCORPORATED FROM V3.1)

The movant incorporates by reference Section VII of V3.1. The movant's physical presence at trial without the trial-day filed exhibits is not a waiver of the service defect; it is the injury itself. Waiver presupposes knowledge of the right and voluntary relinquishment of it, and neither condition is met here.

**VIII. UNILATERAL PRETRIAL STIPULATION (INCORPORATED FROM V3.1)**

The movant incorporates by reference Section VIII of V3.1 regarding DE 269.

**IX. THE COURT'S OWN HOLDING FORECLOSES THE SEAL OF DE 315**

On February 24, 2026, this Court denied a motion to strike the contradictory exhibits and held that contradictory exhibits "should never be stricken, they should be used to illustrate lack of credibility" (DE 310). On March 16, 2026, the movant filed his Proposed Findings of Fact and Conclusions of Law (DE 315) with supporting exhibits, for the purpose of documenting the contradictions in the trial narrative, the function the Court endorsed in DE 310. On March 23, 2026, the strike was denied, sanctions were denied, and only a seal was imposed (DE 317).

The seal accomplishes by indirection what striking would have accomplished directly: it removes the contradiction record from public view, from the record on appellate review, and from the credibility-impeachment function DE 310 preserved. If contradictory exhibits should never be stricken, they should not be sealed where the sealing produces the same prejudice. The movant therefore requests that the Court unseal DE 315 and its sub-exhibits, or in the alternative narrow the seal to particularized confidential information identified on the record after a hearing.

**X. THE IFP DENIAL (DE 324) MISIDENTIFIED THE INDIVIDUAL FILING**

On April 1, 2026, this Court denied the movant's motion to appeal in forma pauperis (DE 324) on the ground that he could not file on behalf of the LLC. The movant did not file on behalf of the LLC; he filed in his individual capacity. The Eleventh Circuit accepted the appeal in his individual name and reinstated it on May 19, 2026 (DE 328), confirming his individual standing.

The denial therefore rests on a premise the record does not support, and the movant requests reconsideration and renewed leave to proceed in forma pauperis under 28 U.S.C. § 1915.

**XI. TRIAL DURATION AND PROCEDURAL COMPRESSION**

The bench trial on February 23, 2026 lasted approximately four hours and forty minutes. After a brief recess, the movant was absent for approximately ten minutes when the Court concluded testimony. Due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). The movant does not fault the Court's calendar management; he asks only that, on Rule 60 review, the compression of time, combined with the evidence-service asymmetry (Section VII) and the unilateral pretrial stipulation (Section VIII), be recognized as bearing on whether the record reflects an ordinary adversarial trial.

**XII. SUPPLEMENTAL RELIEF**

1. Unseal DE 315 and its sub-exhibits DE 315-1 through DE 315-4, or in the alternative narrow the seal after a hearing on particularized confidentiality.

2. Reconsider DE 324 and grant leave to proceed in forma pauperis on appeal, on the ground that the movant's filing was individual and the LLC-representation rationale does not apply.

3. Take judicial notice of the Eleventh Circuit's reinstatement order (DE 328) as confirmation of the movant's individual standing.

4. Schedule an evidentiary hearing on the DE 310/DE 317 inconsistency, the trial-day service of evidence, and the trial-duration compression.

5. Preserve all trial-day filings, the certified DE 312 transcript, and all electronic service records.

**XIII. PRAYER FOR RELIEF**

WHEREFORE, the movant respectfully prays for the relief set forth in V3.1 Section VI, items 1 through 12, and in Section XII above, together with such further relief as the Court deems just and proper.

**VERIFICATION UNDER 28 U.S.C. § 1746**

I, Charles Jacob Stratmann, declare under penalty of perjury under the laws of the United States that the factual statements concerning the procedural history set forth in Sections I, II, IX, X, and XI of the foregoing motion are true and correct to the best of my knowledge and belief. Legal arguments and citations to authority are presented as argument, not as statements of fact subject to verification.

CERTIFICATION OF CONFERRAL (Local Rule 7.1(a)(3))

The movant has in good faith attempted to confer with counsel for Contessa Marine Research, LLC and the M/V Octopussy regarding the relief requested, by electronic mail to counsel of record, and has received no substantive response as of the date of filing.

CERTIFICATE OF COMPLIANCE (Local Rule 7.1(c))

The undersigned certifies that this Motion complies with the applicable word-count limitation of S.D. Fla. Local Rule 7.1(c).

Respectfully submitted,

Charles Jacob Stratmann, Pro Se

Counter-Defendant

545 NE 17th Avenue

Fort Lauderdale, FL 33301

(954) 873-8546

jake@starboardyacht.com

Date: 6/24/2026

**CERTIFICATE OF SERVICE**

I certify that on the date set forth below, a copy of the foregoing was served upon all counsel of record by the Court's CM/ECF system.

____________________________

Charles Jacob Stratmann, Pro Se

Date: 6/24/2026