UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY

STARBOARD YACHT GROUP LLC,
a Florida limited liability company,

Plaintiff/Counter-Defendant,

v. CASE NO.: 23-CV-61696-SINGHAL

CONTESSA MARINE RESEARCH LLC,
a Delaware limited liability company,
*in personam,*

Defendant/Counter-Plaintiff,

v.

CHARLES JAKE STRATMANN,
*individually*,

Counter-Defendant.
_______________________________________________/

**COUNTER-PLAINTIFF, CONTESSA MARINE RESEARCH LLC'S RESPONSE IN OPPOSITION TO COUNTER-DEFENDANT, CHARLES JACOB STRATMANN'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e)**

Counter-Plaintiff, Contessa Marine Research, LLC ("CONTESSA MARINE"), by and through undersigned counsel and pursuant to the applicable rules of the Federal Rules of Civil Procedure, and the applicable rules of the S.D. Local Rules, hereby files its Response in Opposition to Counter-Defendant, Charles Jacob Stratmann's ("STRATMANN") Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [ECF No. 339] (the "Motion"), filed by STRATMANN in his individual capacity, *pro se*, and in support thereof alleges as follows:

## SUMMARY OF ARGUMENT

Rule 59(e) does not permit a party to relitigate matters already decided or present arguments and evidence available before judgment. *See Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). Yet, more than three (3) years after STARBOARD

YACHT GROUP LLC ("SYG") commenced this action and eight (8) months after STRATMANN abandoned trial, he again challenges the accounting, his individual liability, and the damages awarded. These contentions repeat arguments presented at trial and in his post-trial filings, including his prior challenge to SYG's judgment, or concern matters available before judgment. *See* ECF Nos. 315, 318. The Court's detailed Findings of Fact and Conclusions of Law explain the evidentiary basis for the judgment, the grounds for personal liability, and the damages awarded. *See* ECF No. 337. Disagreement with that result does not entitle STRATMANN to "another 'bite at the apple'" under Fed. R. Civ. P. 59(e). *See Central Baptist Church of Albany, Georgia, Inc. v. Church Mutual Ins. Co.*, 146 F.4th 1003, 1015 (11th Cir. 2025). Merely invoking Rule 59(e) does not entitle STRATMANN to reopen the record, repeat rejected arguments, or prolong this litigation without demonstrating a ground for relief.

The record likewise forecloses STRATMANN's allegation that he lacked a meaningful opportunity to present his defense. STRATMANN failed to identify witnesses and exhibits or timely object to CONTESSA MARINE's exhibits, participated in trial and cross-examined witnesses, and then voluntarily failed to return after the lunch recess. Rather than simply entering judgment based on his absence or holding him in contempt, the Court afforded STRATMANN yet another opportunity to present his position through proposed findings of fact and conclusions of law based on the trial record. *See* ECF No. 307; ECF No. 337 at 1–3. The Court also considered and rejected his explanation for leaving trial, and his request to reopen cross-examination. *See* ECF No. 337 at 1–3, 39.

STRATMANN's continued assertion that he possesses substantiating records does not establish newly discovered evidence or manifest error. After repeated discovery orders, the Magistrate Judge recommended an adverse inference that unproduced documents either did not

exist or reflected adversely on SYG. *See* ECF No. 234-3 at 6 (Tr. 71:10–14). The Court subsequently found that STRATMANN failed to provide a complete and reliable accounting and drew an adverse inference with respect to the missing records. *See* ECF No. 337 at 11–12. An alleged power interruption on October 16, 2026, cannot explain years of deficient production, STRATMANN's failure to properly present evidence, or his voluntary abandonment of trial. Because STRATMANN establishes neither newly discovered evidence nor manifest error of law or fact, the Motion must be denied.

**WHEREFORE,** Defendant/Counter-Plaintiff, Contessa Marine Research LLC, respectfully requests that this Honorable Court enter Order **DENYING** Counter-Defendant, Charles Jacob Stratmann's Motion to Alter or Amend Judgment Pursuant to Rule 59(e), and for all further relief that this Honorable Court deems just and proper.

## MEMORANDUM OF LAW

### *LEGAL STANDARD*

"Rule 59(e) of the Federal Rules of Civil Procedure authorizes a party to file a motion to alter or amend a judgment within 28 days after the entry of the judgment." *In re Kuhl*, 2022 WL 13637716, at *1 (S.D. Fla. Oct. 21, 2022) (quoting citations omitted). Under Rule 59(e), "a court may alter or amend a judgment if there is newly-discovered evidence or manifest errors of law or fact." *Central Baptist Church of Albany, Georgia, Inc.*, 146 F.4th at 1012–13 (quoting citation omitted); *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999); *see also Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.").

Contrary to the facts at hand, Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."

*Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008); *see also Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 746 (11th Cir. 2014); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Michael Linet*, 408 F.3d at 763. "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012); *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002); *United States v. DeRochemont*, No. 8:10-cr-287-SCB-MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012).

"The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citation omitted). Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," the movant must "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted); *see also Perez v. Palermo Seafood, Inc.*, 2008 WL 7505704, at *1 (S.D. Fla. May 8, 2008) (quoting *PaineWebber Income Properties Three Ltd. Partnership v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995)).

Reconsideration is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *In re Kuhl*, 2022 WL 13637716, at *3 (quoting *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla.

Aug. 23, 2017) (quoting *Z.K. Marine*, 808 F. Supp. at 1563)). A court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)).

"A motion for relief under Rule 59(e) is a matter committed to the discretion of the district court." *Bland v. Alabama*, 2016 WL 10930989, at *1 (N.D. Ala. Oct. 6, 2016) (citing *Stansell*, 771 F.3d at 746); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). That determination is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

### A. **STRATMANN Establishes No Clear Error or Manifest Injustice and Therefore Fails to Meet His Burden Under Fed. R. Civ. P. 59(e).**

STRATMANN relies on no newly discovered evidence. He seeks reconsideration on the asserted grounds of manifest errors of law and fact and manifest injustice, but fails to establish either. His Motion renews accounting and damages objections previously advanced, disputes the Court's determination of personal liability, and attributes the consequences of his procedural failures to the Court. None establishes a ground for the extraordinary relief he requests.

A Rule 59(e) motion is not a tool for relitigating what the Court has already decided. *See Thermoset Corp. v. Building Materials Corp. of America*, 2015 WL 11197751 (S.D. Fla. Aug. 3, 2015). It is not meant to "give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Central Baptist Church*, 146 F.4th at 1015 (quoting *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000)). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments

the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003); *see also Wood v. Kelly*, 2017 WL 5239497, at *1 (S.D. Fla. Feb. 21, 2017). Similarly, previously available arguments cannot be introduced through reconsideration. *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012); *Porto Venezia Condo. Ass'n, Inc. v. WB Ft. Lauderdale, LLC*, 926 F. Supp. 2d 1330, 1332 (S.D. Fla. 2013).

The principal problem with STRATMANN's position is that, despite years of litigation and repeated opportunities before judgment, he failed to produce a complete and reliable accounting substantiating the funds entrusted to him. STRATMANN's continued assertion that substantiating records exist does not cure that failure. The Magistrate Judge recommended an adverse inference that documents SYG had not produced either did not exist or reflected adversely on it. *See* ECF No. 234-3 at 6 (Tr. 71:10–14). The Court then found that STRATMANN had failed to produce a complete and reliable accounting and that missing records, if they existed, would have been unfavorable to him and SYG. *See* ECF No. 337 at 11–12.

"Unexcused failure to produce the relevant evidence ... can be sufficient, without more, to warrant the denial" of reconsideration. *Williams v. Polk County Board of County Commissioners*, 2024 WL 835242, at *3–4 (11th Cir. 2024); *see Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987). A party cannot use reconsideration to present evidence available earlier. *Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 (11th Cir. 2014); *Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1059–60 (11th Cir. 2020) (affirming rejection of evidence available at summary judgment). Nor may STRATMANN recast old facts to obtain a different result under the guise of Fed. R. Civ. P. 59(e). The Rule is "not designed to furnish a vehicle by which a disappointed party may reargue matters already argued and disposed of, nor [is it] aimed at providing a mechanism

by which new arguments or legal theories, which could and should have been raised prior to the issuance of judgment, can be later advanced." *In re Barber*, 318 B.R. 921, 924 (Bankr. M.D. Ga. 2004) (citation omitted).

STRATMANN's accounting objections in the Motion illustrate the point. STRATMANN contends that the Court overlooked ECF No. 237 and erred in finding $3,027,994.72 unaccounted for. STRATMANN's underlying contention that his records reconcile the funds was presented at trial and renewed in his proposed findings and prior motion concerning SYG's judgment. *See* ECF Nos. 312, 315, 318. The Court expressly evaluated the repair orders, found them unreliable, and determined that STRATMANN failed to produce a complete and reliable accounting. *See* ECF No. 337 at 10–12. The Court independently assessed the evidence and testimony presented and found $3,027,994.72 unsubstantiated. *Id.* at 12–13.

STRATMANN's related objections to the deposit schedule, vendor disbursements, multi-vessel allocations, and Mr. Burell's analysis were likewise advanced before judgment. *See* ECF No. 315 at 4–10, 16–18; *see also* ECF No. 318 at 6–9, 12–15. The Court found that the transfers were entrusted funds for the Vessel's refit and examined both the transfers and verified expenditures. *See* ECF No. 337 at 9–13. This Court expressly overruled STRATMANN's objections to Burell's tracing analysis, sustained his objections in part to the total damages calculation, and independently calculated the award. *Id.* at 12 n.11, 13. The Motion thus improperly disputes an evidentiary assessment the Court already made.

STRATMANN's challenge to personal liability in the Motion similarly disregards the Court's express analysis. The Court considered the governing-law question, explained why general maritime law applied, and made detailed findings supporting veil piercing. *See* ECF No. 337. Specifically, the Court found complete domination of SYG, use of the corporate form to obtain

and misappropriate entrusted funds, false documentation, and resulting injury to CONTESSA MARINE. *Id.* at 27–29. The Court separately established STRATMANN's liability for his own tortious conduct and explained that this liability would remain even if the veil-piercing determination were reversed. *Id.* at 29–38, 39 n.22. Accordingly, the Motion fails to demonstrate manifest error in the Court's analysis and fails to eliminate the independent basis for holding STRATMANN personally liable.

The claimed inconsistency in vendor damages was also expressly addressed by this Court. STRATMANN previously challenged the engine transaction and alleged duplication in damages. *See* ECF Nos. 315, 318. The Court found that STRATMANN obtained engine funds, failed to remit them as represented, and caused CONTESSA MARINE to pay FDDA directly for engines it had not received. *See* ECF No. 337 at 13–15. The Court specifically distinguished the additional Seakeeper and Voith components and excluded them from the personal tort calculation. *Id.* Accordingly, the Court distinguished the losses attributable to STRATMANN's individual torts, and his mere disagreement with that well-reasoned analysis falls far short of the showing required to establish clear error under Fed. R. Civ. P. 59(e).

The LMC argument also concerns a previously disputed component. STRATMANN challenged both the chargebacks and alleged overlapping recovery before judgment. *See* ECF Nos. 315, 318. The Court found that STRATMANN initiated and retained $226,502.19 in chargebacks, failed to return CONTESSA MARINE's funds, caused CONTESSA MARINE to pay LMC directly to release the Vessel, and defend the resulting litigation. *See* ECF No. 337. SYG's settlement obligations and judgment in LMC's favor are separate from the additional damage STRATMANN caused to CONTESSA MARINE. CONTESSA MARINE's Corporate Representative testified regarding the direct payment, litigation expenses, and reputational harm

shortly before STRATMANN's cross-examination and subsequent abandonment of the trial, after the lunch recess, without completing the cross-examination. *See* ECF Nos. 312, 337. The Court expressly considered the LMC litigation when finding that STRATMANN's conduct caused that loss. *Id.* Separately, the Court explained that the SYG and individual liability figures overlap, are not cumulative, and are subject to appropriate setoff. *Id.* at 39 n.22. Neither point supports vacating CONTESSA MARINE's award.

The damages findings rest on the evidence the Court independently evaluated. "[I]t will be enough if the evidence show[s] the extent of damages as a matter of just and reasonable inference." *Maiz v. Virani*, 253 F.3d 641, 664 (11th Cir. 2001) (alterations in original) (citation omitted). STRATMANN's repeated objections to the Court's well-reasoned analysis fail to demonstrate that the Court's supported calculation resulted from manifest error. *See* ECF No. 337 at 12–19, 38–39.

The record likewise forecloses STRATMANN's claim that trial procedures prevented a meaningful defense. At the outset of trial, the Court explained that STRATMANN had listed no witnesses or exhibits and had not objected to CONTESSA MARINE's exhibits. *See* ECF No. 312 at 7:12–18. The Court then asked whose fault that was, which STRATMANN acknowledged: "[i]t's my fault, Your Honor." *Id.* at 8:1–9. The Court nevertheless explained that STRATMANN could testify, and he elected to present his defense through cross-examination. *Id.* at 8:10–23. Additionally, STRATMANN's allegation that CONTESSA MARINE's exhibits were first disclosed on the morning of trial disregards CONTESSA MARINE's pretrial exhibit list, identified in the Court's order admitting the listed exhibits. *See* ECF Nos. 269-1, 310, 337.

The Court explained to STRATMANN that docket filings were not trial exhibits and that STRATMANN had neither listed nor brought the documents he sought to use to trial. *See* ECF No. 312 at 121:14–25. The spreadsheet used at trial was his own document, which he could have

identified as an exhibit and brought to court. *Id.* at 126:17–127:12. Despite confirming when trial would resume after lunch, STRATMANN failed to return. *Id.* at 127:18–128:18. The Court nevertheless permitted STRATMANN to submit proposed findings and conclusions based on the trial record, rather than defaulting him or holding him in contempt. *See* ECF No. 307; ECF No. 312 at 130:9–16, 131:7–20.

"Manifest injustice" requires more than dissatisfaction with those consequences. Courts have described it as an error that is "direct, obvious, and observable ... patently unfair" and "apparent to the point of being indisputable." *Schmidt v. Washington Newspaper Publishing Co., LLC*, 2018 WL 6422705, at *2 (S.D. Fla. Dec. 6, 2018) (quoting *Teri Woods Pub., L.L.C. v. Williams*, 2013 WL 6388560, at *2 (E.D. Pa. Dec. 6, 2013)); *see also Smith v. Lynch*, 115 F. Supp. 3d 5, 12 (D.D.C. 2015) (requiring "a result that is fundamentally unfair in light of governing law"). Those descriptions do not fit a record of repeated opportunities, acknowledged pretrial failures, voluntary absence, and a further opportunity for post-trial submissions. The consequences arose from STRATMANN's conduct, not denial of an opportunity to be heard.

Whether caused by "strategic choice or an error on the part of [STRATMANN] . . . it is not the job of courts deciding motions for reconsideration to rescue parties from their strategic litigation choices . . . [nor] rescue parties from their own errors." *Schmidt*, 2018 WL 6422705, at *3 (quoting *Teri Woods Pub.*, 2013 WL 6388560, at *2) (citation omitted). STRATMANN's choice to proceed individually without counsel did not exempt him from complying with disclosure requirements, presenting admissible evidence, or attending trial. Accordingly, the Motion must be denied because STRATMANN fails to establish any manifest error in the Court's well-reasoned Findings of Fact and Conclusions of Law supporting the judgment against him individually.

At its core, STRATMANN asks the Court to reassess the same evidence and reach a different conclusion. Mere disagreement does not justify reconsideration. *In re Kuhl*, 2022 WL 13637716, at *2–3; *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). "[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Id.* at *3 (quoting *Roggio v. United States*, No. 11-22847-CIV, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013)). A motion is not an opportunity to instruct the Court how it "could have done it better" the first time. *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996); *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008).

The Court has already considered the accounting, evaluated witness credibility, distinguished the damages components, and explained personal liability. *See* ECF No. 337. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008). STRATMANN identifies no such change and establishes no manifest error, and his repetition of previously unsuccessful positions plainly fails to meet this heightened burden. *See Jeffus v. Sec'y, Fla. Dep't of Corr.*, 759 F. App'x 773, 777 (11th Cir. 2018); *Kight v. IPD Printing & Distributing, Inc.*, 427 F. App'x 753, 755 (11th Cir. 2011). Therefore, because STRATMANN has failed to establish new evidence and/or manifest error, this Court must deny the Motion.

**B. <u>Procedural Deficiencies Provide Additional Grounds to Deny the Requested Relief.</u>**

Rule 59(e) requires filing within twenty-eight (28) days after judgment. *See Williams*, 2024 WL 835242, at *3–4. Here, Final Judgment was entered on September 18, 2026, making October 16, 2026, the deadline to file Fed. R. Civ. P. 59(e) relief. *See* ECF No. 338. The Motion was electronically entered October 19, 2026, thirty-one (31) days after judgment. To the extent that date controls, the Motion is untimely. CONTESSA MARINE acknowledges the October 16 clerk's stamp and corrected docket entry. Even accepting October 16 as the filing date, the Motion must be denied for the reasons above and below.

Moreover, STRATMANN has not met his burden under Rule 59(e) in the Motion before the Court. The Motion requests fourteen (14) additional days to file a "focused authentication supplement" containing native correspondence headers, certified docket extracts, and clerical corrections. *See* ECF No. 339. STRATMANN's request for more time supplies neither newly discovered evidence concerning the adjudicated liability and damages nor a demonstrated manifest error. Rather, more than three (3) years after this action commenced and eight (8) months after trial, STRATMANN continues to claim that substantiating records exist while still requesting more time. The Court already drew an adverse inference from STRATMANN's failure to produce those records, and the Motion's latest request for more time neither explains that failure nor establishes error in the Court's finding. *See* ECF No. 337 at 11–12.

Filing on the last permissible day does not entitle a movant to additional time to establish grounds for relief. As this Court has explained, "when a party waits until the deadline to file a motion, it takes the risk that if the motion is denied on procedural grounds the party might not have an opportunity to remedy the defect after the filing deadline has passed." *Fresenius Vascular Care, Inc. v. Oakland Park Medical Properties, LLC*, 2022 WL 17583574, at *2 (S.D. Fla. Nov. 17,

2022). "This is particularly true with Rule 59(e) motion, as the Court is not permitted to grant an extension of time for this Rule." *Id.*; *see* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules ... 59(b), (d), and (e)...."). Based on this record, and for all the reasons explained above, CONTESSA MARINE respectfully requests that this Court deny STRATMANN's request to supplement the Motion.

The alleged October 16, 2026, power interruption concerns preparation of the Motion presently before the Court and cannot explain years of deficient production and/or STRATMANN's failure to properly present evidence before judgment. The Court already found no complete and reliable accounting and drew an adverse inference. *See* ECF No. 337 at 11–12. "Attempts to take a 'second bite at the apple,' to introduce new legal theories, or to pad the record for an appeal, constitute an abuse of the Rule 59(e) motion, which the court will not condone." *In re Barber*, 318 B.R. at 924 (citation omitted). For all the reasons set forth herein, the Motion must be denied.

## **<u>CONCLUSION</u>**

Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory ... [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Anderson v. Williams*, 2026 WL 75907, at *1 (M.D. Ga. Jan. 9, 2026) (quoting citation omitted)); *see also Michael Linet*, 408 F.3d at 763. STRATMANN presents no newly discovered evidence and establishes no manifest error of law or fact. Therefore, the Motion must be denied as a matter of law.

**WHEREFORE,** Defendant/Counter-Plaintiff, Contessa Marine Research LLC, respectfully requests that this Honorable Court enter an Order **DENYING** Counter-Defendant, Charles Jacob Stratmann's Motion to Alter or Amend Judgment Pursuant to Rule 59(e), and for all further relief that this Honorable Court deems just and proper.

Respectfully submitted on this 30th day of October 2026,

By: *\/s/ Brooke L. Bishop*
Brooke L. Bishop
Florida Bar No.: 1058437
brooke.bishop@maritimeattorneys.com

James H. Perry, II
Florida Bar No.: 991491
perry@maritimeattorneys.com

**PERRY MARITIME LAW GROUP, P.A.**
1650 SE 17th Street, Suite 200
Fort Lauderdale, FL 33316
Telephone: 954-500-1000
Facsimile: 954-500-2000
*Counsel for CONTESSA MARINE RESEARCH LLC*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with this Court's CM/ECF docketing system this 30th day of October 2026, and that it is being served via CM/ECF on the counsel of record shown on the Service List.

*/s/ Brooke L. Bishop*
Brooke L. Bishop
Florida Bar No.: 1058437

James H. Perry, II
Florida Bar No.: 991491